251 S.W.2d 380 (1952)
JOURDAN
v.
JOURDAN.
No. 28410.
St. Louis Court of Appeals, Missouri.
September 16, 1952.
R. C. Reis, Ernest E. Baker, St. Louis, for appellant.
Cecil Block, St. Louis, for respondent.
*381 RUDDY, Judge.
This is an appeal by the wife from the ruling and order of the Circuit Court of the City of St. Louis sustaining a motion of the husband to modify a decree of divorce. The husband in his motion filed April 26, 1951, prayed for an order "modifying and decreasing the weekly alimony allowance to the plaintiff" (wife). The Circuit Court in its ruling on the motion ordered that defendant (husband) "be relieved of making any further payment as and for alimony, to plaintiff," and further ordered "that plaintiff have and recover of the defendant, as and for the support and maintenance of minor child Donald, the sum of $60.00 per month."
The record discloses that the wife on April 12, 1948, was granted a decree of divorce and that said decree provided that the husband pay the wife the sum of $10 per week for the support and maintenance of Donald, then one year of age, and the sum of $15 per week as alimony for the wife. The husband remarried on April 15, 1948. In his motion to modify he alleges that since the original decree was entered the circumstances of the parties have changed, in that the wife has secured gainful and steady employment and is self-sustaining and that he has remarried and that two children were born of this second marriage; that as a result of his remarriage and the birth of the two children he is under a financial hardship and cannot adequately provide for his present family. Subsequent to the filing of the husband's motion to modify, the wife filed the following affidavit:
"I, Margaret Louise Jourdan, being duly sworn, depose and say that under the terms of an order for alimony pendente lite in Cause No. 12681, in the Circuit Court of the City of St. Louis, dated October 16, 1947, the defendant, Ray McDonald Jourdan, was ordered to pay the plaintiff $100.00 a month, and that this order remained in force until a Divorce Decree was granted on April 12, 1948; that according to the terms of the decree entered on April 12, 1948, the defendant was to pay the plaintiff the sum of $25.00 a week for the support of a child and alimony; that this order remains in force at this time; that plaintiff has received from the defendant the sum of $2483.00, and that there is due on this date, from the defendant, the sum of $2067.00.
"Margaret Louise Jourdan Plaintiff.
"Sworn to and subscribed before me this 30 day of April, A.D. 1951.
"My commission expires May 3rd, 1952. (SEAL) "S. Renzenhausen, Notary Public."
It is admitted that the amount in arrears set out in the affidavit is correct. The husband contends that the arrearage is for alimony only and that no part of it is for the child's support.
The testimony at the hearing showed that at the time of the rendition of the original decree the wife was unemployed and the husband was employed by the Lakewood Flying Service as a private flyer. He said he was earning $450 per month at that time. His wife said that at the time of the divorce she had a letter from the husband's employer, in which the employer advised her that he was making $266 per month. There was no objection to this testimony and it was elicited by the husband's attorney on crossexamination.
The testimony further showed that at the time of the hearing on the motion to modify the husband was a First Lieutenant in the United States Air Force earning a "take home pay" of $510 per month; that he had no other source of income and owned no stocks or bonds, but did have a 1948 Chrysler automobile, purchased in the name of his second wife, paid for out of his funds, and a house trailer that cost him $4,500. The house trailer was damaged in an airplane accident and the United States Government paid him $3,300 for the damages sustained and he repaired the trailer, thus reducing the cost of the trailer to him. His family has supplemented his income in amounts up to $250 for a total of $1,000. This sum advanced by them he considered a gift.
*382 The testimony showed the following as his monthly expenses at the time of the hearing: food and entertainment $150; clothes $30; clothes for the children $20; medical and dental $20; life insurance $20; mandatory social activities $20; insurance on household goods $10; operation of automobile $75 and parking charge for house trailer $6. These monthly expenses total $351.
The testimony further showed that he is a base communication officer and claims it is necessary for him to travel forty or fifty miles a day in his car; that the oldest of the two children born of the second marriage is 27 months of age and the youngest is 3 months of age. The husband, when pressed in his cross-examination for the cost of raising the two children, testified that the cost of "supporting the two children" was $20 a month. We assume from the term "support" he meant all costs except the children's clothing. This item added to the cost of clothes for the children would give a total expense of $40 per month for raising the two children.
The testimony also shows that the wife was employed at the time of the hearing and was receiving $71.36 "take home pay" every two weeks. Her first employment after the divorce was in November 1949 at Famous-Barr Company. When questioned on cross-examination about the amount of time devoted to the Famous-Barr Company position she said: "It was full time. I went with the idea of working for money for Christmas so my child would have something, and they kept me on, and I stayed." Her minimum monthly expenses aggregated $165. This amount included $2 per day she had to pay a lady for taking care of Donald while she attended her employment.
In such a case as this it is the practice of the appellate courts to review proceedings therein de novo and determine the rights and justice of the matters in question, and whether the law has been properly applied by the trial court to the facts in the case and places upon the appellate court the duty of making its own finding of facts and conclusions of law. Bowzer v. Bowzer, 236 Mo.App. 514, 155 S.W.2d 530; Couplin v. Couplin, Mo.App., 121 S.W.2d 186. It is also the rule, which has long been established and applied in many decisions of our court, that an appellate court should not interfere with the findings and conclusions of the trial judge, unless, there has been a manifest abuse of judicial discretion by the trial judge. Shapiro v. Shapiro, Mo.App., 238 S.W.2d 886; Eaton v. Eaton, Mo.App., 237 S.W. 896.
We begin with the recognition that judgments for alimony from year to year or month to month are subject to the same incidents as judgments in other actions at law and like them are res adjudicata as to all conditions or facts existing at the date of their rendition. Nelson v. Nelson, 282 Mo. 412, 221 S.W. 1066; Eaton v. Eaton, supra. Because of the foregoing rule it has been consistently held by our courts that authority for the modification of a judgment for alimony is dependent on a change in the circumstances of the parties between the time the judgment was entered and the time the motion for modification was filed. Shapiro v. Shapiro, supra; Schulte v. Schulte, Mo.Sup., 140 S.W.2d 51. In this case the husband has the burden of showing such a change in conditions as will justify the modification of the original decree of divorce. Seigfreid v. Seigfreid, Mo.App., 187 S.W.2d 768.
We are without the benefit of a brief from the husband but it is obvious from the reasons given in his motion to modify the decree of divorce and from his testimony at the hearing that his wife's employment and his remarriage, with the subsequent birth of two children, are the changed circumstances relied on to uphold the trial court's order of modification. The first circumstance we will take up is his remarriage and the subsequent birth of the two children. In an analysis of this circumstance we find that the law does not recognize a divorced husband's second marriage alone as a ground for cutting down an allowance of alimony to the divorced wife where the divorce was granted because of the husband's fault and through no fault of the first wife. Shapiro v. Shapiro, supra; Anderson v. Anderson, Mo.App., *383 142 S.W.2d 1082; Kleine v. Kleine, Mo. App., 111 S.W.2d 242; Schainker v. Schainker, Mo.App., 91 S.W.2d 109.
However, the above mentioned rule does not govern where, as here, children have come into the picture through the second marriage to add to the husband's legitimate expenses, for it is as much his duty to support his children by the second marriage as it is to support the child of his first marriage. Shapiro v. Shapiro, supra. While it is true that the record indicates the birth of these two children has burdened the husband with additional expense, we cannot overlook the fact that he is earning more money today than at the time of the divorce. If we are to believe his testimony, he is earning $60 more per month and according to the wife's testimony he is earning $244 more per month. Under his own testimony his earnings have increased enough to absorb the added expense of the two children. Disregarding for the moment the increase in his earnings, his own testimony indicates that his total expense, including the cost of supporting the two children by the second marriage, is only $351 per month, whereas, his present earnings are $510 per month. The record is silent as to his living expenses at the time of the divorce. We do not believe that the evidence in this regard indicates a sufficient change in circumstances and is not of itself sufficient reason for vacating the allowance of alimony.
We will now proceed to the alleged changed circumstance of the wife's employment. In examining this contention we are fully aware of what we said in Knebel v. Knebel, Mo.App., 189 S.W.2d 464, loc.cit. 468, where we held that:
" * * * a divorced wife should have no right to feel that she should be permitted to sit in idleness at the expense of her former husband as the mere consequence of the fact that he was adjudged the guilty party. Under modern economic and social conditions, practically every avenue is open to the wife that is open to the husband; and if, upon the dissolution of the marriage, she has individual means of support or the capacity to earn her own livelihood, she should be expected to employ her means or capacity to that end the same as any other member of society."
But we also said, 189 S.W.2d loc. cit. 468:
" * * * if there are children of such tender age as to demand her constant care and presence, then in any of such circumstances the exercise of a sound discretion would undoubtedly require that the husband be compelled to contribute to her support."
In the instant case, can this husband be heard to say that the children of his second marriage need the loving care and attention of their mother and that she should remain unemployed and be supported by him in his new home and receive his help and encouragement in the rearing of their two children, and in the same breath be heard to exclaim that his child from the first marriage isn't entitled to the same maternal care and attention? We think not. If his first wife had sought employment voluntarily we would have a different issue to meet. But that is not the case here. In this case the wife was forced to seek employment as she said "so my child would have something," and this because of the husband's failure to comply with the court's order to pay alimony. We cannot escape the conviction that the husband has deliberately refused to meet the court's alimony order. This we gather from his explanation that the arrearage was alimony only and from the following testimony given by him in direct examination:
"Q. You are asking the Court to set aside the alimony judgment to Mrs. Jourdan? A. Yes, sir.
"Q. You haven't any complaint about the payment of money to your son? A. None whatever, I would raise that.
"Q. How much would you raise? A. I could give fifty dollars a month and three or four weeks from now it could be seventy or seventy-five dollars."
This would seem to indicate he has no objection to paying more money for the child's support, but doesn't want to pay any sum designated alimony.
*384 It was the husband's failure to pay the monthly alimony awarded to the wife that compelled her to find work to support herself. Driskill v. Driskill, Mo.App., 181 S.W.2d 1001. Where the husband alleges a changed condition as a ground for relief from the payment of alimony the court will consider whether this alleged change in condition has been brought about by any improper conduct on his part. If employment has been forced on the wife by his improper conduct, in justice and equity the original alimony award should remain untouched. He has been successful in evading payment of the original alimony award, because he has taken advantage of the immunity granted him from garnishment. To give this husband relief on this ground, would give encouragement to all husbands against whom alimony payments have been ordered, not to pay the same and force the wife to seek employment and use her employment as a ground for relief from the payment of alimony. To permit such a course would make a mockery of court orders.
Our examination of the record discloses no change in the circumstances of the parties, from the time the original decree was rendered up to the date of the hearing on the motion to modify, sufficient under the law to modify the decree with respect to the allowances for alimony and support of the child.
The wife, in her brief, has asked this court to allow a reasonable sum as attorney's fee for this appeal and for an allowance for expenses incident to the taking and perfecting of this appeal. In addition she has asked us to make an order on her former husband directing him to give security for the payment of the alimony. A search of the record indicates no requests for this relief were ever filed before the trial court and our review is limited to those matters ruled on by the trial court. Our jurisdiction is confined to the hearing of "appeals as provided by law from all inferior courts" in this district except appeals within the exclusive jurisdiction of the Supreme Court, Constitution of Missouri, 1945, Art. V, Section 13, V.A.M.S., and "general superintending control over all inferior courts and tribunals" in said district, and the issuance and determination of original remedial writs, Constitution of Missouri, 1945, Article V, Section 4. An application for the relief sought here, not having been filed or ruled on by the trial court, cannot be said to be here for our review under our appellate powers, and certainly is not within the power of this court in the exercise of its original jurisdiction. State ex rel. Clarkson v. St. Louis Court of Appeals, 88 Mo. 135; McCormack v. McCormack, Mo. App., 238 S.W.2d 858; Burnside v. Wand, 77 Mo.App. 382.
In view of the foregoing the judgment of the trial court should be reversed, and the case remanded with directions to the trial court to enter the necessary order overruling the motion of the husband (defendant) for modification of the judgment for alimony and to strike from the record its judgment rendered July 30, 1951, pursuant to the husband's motion to modify and to reinstate the judgment of April 12, 1948, wherein the court ordered the husband to pay the wife the sum of $10 per week for the support and maintenance of the son Donald, and the sum of $15 per week as alimony for the wife.
It is so ordered.
BENNICK, P. J., and ANDERSON, J., concur.