**Dolores ARMSTRONG, Plaintiff-Appellant,**

**v.**

**Earl ARMSTRONG, Defendant-Respondent.**

**No. 31934.**

St. Louis Court of Appeals.

Missouri.

Oct. 19, 1965.

Samuel H. Libermann, II, Kramer, Chused & Kramer, St. Louis, for plaintiff-appellant.

Karl F. Lang, St. Louis, for defendant-respondent.

WOLFE, Presiding Judge.

This is a motion of defendant Earl Armstrong to modify a decree of divorce entered on March 3, 1953. Under the decree the plaintiff was awarded $10.00 per week alimony and $15.00 per week for support of two children born of the marriage. The decree was modified on January 29, 1960,

by awarding custody of the two children to the defendant. The present motion seeks to have the alimony award reduced from $10.00 a week to $1.00 a year. The court sustained the motion and the plaintiff prosecutes this appeal.

The facts of the matter are that when Dolores Armstrong was granted a default decree of divorce in 1953 there had been two children born of the marriage, both sons. The defendant regularly paid the award of $15.00 a week for support of these children while they were in the plaintiff's custody, and $10.00 a week alimony to the plaintiff. The defendant remarried, and in 1957 the plaintiff turned the custody of the older of the two children over to the defendant. In March of 1959 the defendant filed a motion to modify the decree seeking custody of the younger son who still remained in the plaintiff's custody. The modification, sought at that time, was on the grounds that since the divorce the plaintiff had given birth to three illegitimate children and that the son born of the marriage, at that time age twelve, was living in an unwholesome and immoral atmosphere. The court modified the decree and gave custody of the two children to the defendant, but left undisturbed the alimony award of $10.00 a week. The defendant had missed only one month in the payment of alimony and that was because he did not have the money with which to pay it.

As stated, the defendant has remarried and he maintains a home for his present wife, one stepchild, and his two sons. When the divorce was decreed he was a mail handler working in the Post Office. He earned, at that time, $4,300.00 a year. Since then he has become a letter carrier and is now earning $5,685.00 a year. In addition to the above sum the defendant has earned $200.00 to $300.00 per year as a non-commissioned officer in the United States Army Reserve. The children are now in high school and in addition to their naturally increasing needs, the expense of their maintenance has increased. The older of the two

requires a tutor which is an additional cost over those that normally occur. The defendant is building a home and bearing the cost of this, in addition to the regular expenses which he is under. Title to the home, he is in the process of constructing, is held by him jointly with his present wife. He owns no other property except one automobile. He carries $10,000 Army National Life Insurance.

The plaintiff testified that she lived with her parents who were both working. She kept house for them but she intended to get a job. She "sometimes" gives her mother $25.00, but that wasn't enough, and she "helps" on the food. Since the decree was first modified and the two sons of the marriage taken from her she has had two more illegitimate children, bringing the total of her illegitimates to five. She said that a man named Riley was the father of four of the children and that Riley gave her $6.00 a week for about two years but that she was not getting any money from him at the time of the hearing below. She was receiving $101.00 a month State Aid for her five illegitimate children.

As stated, the trial court, upon the foregoing evidence, sustained the defendant's motion to modify a decree and reduced the alimony, as requested, to one dollar per year. The first point that appellant raises is that the court erred in so doing in that a decree for the award of alimony is only to be modified upon a change of circumstances and that no such change has here occurred since the last modification which awarded custody of the children of the marriage to the defendant. It has been frequently held that increased expenses for the maintenance and education of a child is sufficient change of circumstances to justify a modification increasing the award for the child's maintenance. Bettinger v. Bettinger, Mo.App., 355 S.W. 2d 354; Bradshaw v. Bradshaw, Mo.App., 317 S.W.2d 21; Hawkins v. Hawkins, Mo. App. 250 S.W.2d 817. In the matter under consideration we have something of a con-

verse of the situations presented in the cases above cited. In those cases the mother, having custody, was asking an increase in support money for the children; while here the defendant father, having custody, seeks to be relieved of alimony payments because of the increasing needs of the children. Circumstances warranting, we see no reason why such relief should not be granted.

In determining whether or not the circumstances warrant the modification granted, it may be well to re-state the basic rule under which such actions are tried and determined. The action for divorce and subsequent motions to modify are statutory, but we follow the rules and principles of equity in determining the rights and liabilities of the parties. Heibel v. Heibel, Mo.App., 366 S.W.2d 37; Franklin v. Franklin, 365 Mo. 442, 283 S.W.2d 483; Fawkes v. Fawkes, Mo.App., 204 S.W.2d 132. The appellant contends that the trial court erred in considering the immoral acts of the plaintiff and that such acts occurring after divorce in no way affect the right of the divorced wife to alimony. We are cited to cases in other jurisdictions which hold that acts of adultery by a divorced wife occurring after the decree do not constitute grounds to relieve the former husband of alimony awarded at the time of the divorce. These cases do not particularly concern us here. We have considerably more than acts of adultery. We have the plaintiff's own evidence that she had four children by Riley who also contributed to her support. It may quite logically be inferred from her evidence that she was living in illicit cohabitation with him.

In Nelson v. Nelson, 282 Mo. 412, 221 S.W. 1066, loc. cit. 1067, the court held that it would be "unseemly" that a divorced wife should be allowed to collect alimony

from her former husband after her subsequent marriage was brought to the court's attention. It appears to be more "unseemly" to permit a divorced wife to draw alimony from the modest earnings of her divorced husband, while living as the plaintiff herein is living. The matter, however, does not end at this point. We are concerned with the inherent jurisdiction of a court of equity to provide for the comfort and well being of children properly before the court. State ex rel. Stone v. Ferriss, Mo., 369 S.W.2d 244, 1. c. 249.

The court in such circumstances views the needs and resources of the parties. Shapiro v. Shapiro, Mo.App., 238 S.W.2d 886. It weighs all the equities in apportioning the earnings of the defendant and considers his obligations for his children and the maintenance of his home. These equities weigh heavily in favor of the defendant.

The plaintiff also asserts that the defendant cannot ask a court to reduce the alimony where he has failed to pay all of the installments due. Such is not the law, where, as here, the defendant has paid all alimony except for one month when he could not pay because he did not have the money. The plaintiff still has her right to collect alimony due up to the time of the modification. Equity does not require one to do something he cannot do before it extends relief.

The judgment of the trial court is affirmed.

ANDERSON, J., and WOODSON OLDHAM, Special Judge, concur.

RUDDY, J., not participating.