Raymond W. MARKHAM, Plaintiff-
Appellant,

v.

Rosemarie MARKHAM, Defendant-
Respondent.

No. 35110.

Missouri Court of Appeals,
St. Louis District,
Division 1.

Feb. 5, 1974.

Klamen, Summers, Wattenberg & Compton, Norman W. Drey, Jr., St. Louis, for plaintiff-appellant.

Murphy & Schlapprizzi, St. Louis, for defendant-respondent.

KELLY, Judge.

This is an appeal from the denial of plaintiff-appellant's (hereinafter the appellant) motion to modify the alimony and child-support awards of a divorce decree entered on behalf of the defendant-respondent (hereinafter the respondent) on her cross-bill to appellant's petition for divorce. We affirm.

On March 31, 1971, respondent was divorced from appellant. She was awarded alimony in the sum of $28.75 per week and child support for the three minor children of the marriage—who were at that time 8, 7 and 2 years of age respectively—in a sum of $28.75 per week per child, or a total of $115.00 per week child support and alimony. On December 13, 1971, appellant filed a motion to modify the divorce decree and on March 8, 1972, his motion was denied on the grounds that appellant "was unemployed and had not had sufficient time to get another job." On May 3, 1972, appellant filed this motion to modify on the grounds that at the time of the rendition of the divorce decree and prior thereto his net take-home pay equaled $985.00 per month but subsequent thereto his employment had terminated and he was at the time of filing his motion, and for some time prior thereto, unemployed. On May 22, 1972, respondent filed her "Reply to Plaintiff's Motion to Modify" denying appellant's allegations relative to his condition of employment.

The motion came on for hearing on September 28, 1972. Respondent, though subpoenaed, did not appear because of illness. Appellant did not testify. The parties, through their attorneys, entered into an oral stipulation that when the divorce decree was entered on March 31, 1971, and the alimony and child support awards were entered, the appellant's net take-home pay was $985.00 per month; that at the time of the hearing on the motion to modify appellant was "getting $722.00 a month;" that appellant had remarried and is supporting a son of his second wife; that the second wife is also working; that appellant was laid off from his job because of a cut-back in work at the radio station where he had been employed and that he was unemployed from November 27, 1971, to August 10, 1972. Upon inquiry by the court, appellant's counsel stated that appellant's take home pay at the time of the hearing was "461.60 every other week or a total of $12,000.00 annually. His net figure is $9,300 something annually." Appellant offered, and the trial court received into evidence, over objection that they were immaterial and irrelevant, two documents which were marked Plaintiff's Exhibit 1 and 2 respectively. These documents were received, according to the trial court, "as evidence of what she (respondent) would testify if she were present and are not conclusive or binding." Plaintiff's Exhibit No. 1 is an "Income and Expense Statement," undated, not sworn to, but bearing what purports to be the signature of the respondent. Plaintiff's Exhibit No. 2 is a "Financial Statement" likewise undated, not sworn to, and also bearing what purports to be her signature. Summarizing these exhibits, the respondent had maximum take home earnings per month of $300.00; $500.00 in a savings account; and $156.00 in a checking account. She owned a 1967 Chevrolet 4-door sedan and real estate valued at $21,500.00. Respondent's average monthly expenditures amounted to $389.58 according to the "Income and Expense Statement." Total monthly alimony and child support payments decreed by the court at the time the divorce was granted total $500.50 per month on the basis of 4⅓ weeks per month.

On appeal the appellant contends that the trial court erred in failing to find a material change in circumstances in his financial condition, that such ruling was contrary to the weight of the evidence and that the court abused its discretion in failing to grant a reduction in periodic alimony and child support.

Review of the trial court's denial of a motion to modify a divorce decree awarding alimony and child support is governed by Rule 73.01(d), V.A.M.R., and we review the case on both the law and the evidence as in suits of an equitable nature. While the reviewing court makes its own findings of fact, the judgment of the trial court is not to be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.

Appellant's evidence of change of circumstances was a reduction of earnings. At the time the divorce was granted and the award of alimony and child support was decreed he was netting $11,820.00 annually. If, as the stipulation stated, his net at the time of hearing was $772.00 a month, he was netting $9,265.00 annually. His counsel stated that at the time of the hearing appellant was earning a gross amount of $12,000.00 per annum and "netting" $9,300.00 "or more."

There was no evidence offered by appellant relative to his expenses at the time of the hearing and we conclude that the trial court could wisely disregard plaintiff's Exhibits 1 and 2 in reaching its decision since they were undated and not verified.

In a hearing on a motion to modify it is obvious that the former husband is not the only party whose interests must be considered. The trial court must recognize that the children are, in fact and in law, the real parties in interest with respect to the support award made for their benefit. Meyer v. Meyer, 493 S.W.2d 42, 47[6] (Mo.App.1973).

In a proceeding of this nature the burden of proof rests on the shoulders of the moving party. Clisham v. Clisham, 485 S.W.2d 660, 664[6] (Mo.App.1972). The factors taken into account when an allowance of alimony and child support are made at the time of the granting of a divorce are substantially the same as those to be considered when an alteration of the award is sought by a subsequent motion to modify. While Sec. 452.070 RSMo.1969, V.A.M.S., provides for the modification of the award from time to time upon proper application by either party upon a change of circumstances, the statute fails to specify the nature of a change of circumstances which will justify such modification. Not every change of circumstances will justify a modification of the decree. The law does not recognize a divorced husband's remarriage as a ground for decreasing the amount of alimony awarded the first wife although it may be taken into consideration if children are born of the second marriage. Clisham v. Clisham, *supra*. And while a reduction in the father's income is a proper factor to be considered by a trial court in reaching a determination of that issue, Altenbach v. Altenbach, 162 S.W.2d 361, 363[4] (Mo.App.1942), that factor alone, without more, does not require a trial court to conclude that the father is in such dire circumstances as to merit a reduction in the payments. The courts of this state have held that an increase in a husband's wealth and earning capacity, standing alone does not justify an increase in a wife's alimony. Clisham v. Clisham, *supra*. Such a change may, however, be taken into account if it is first determined that there has been a change in the wife's condition which will justify an increase in alimony payments to the wife. Lane v. Lane, 439 S.W.2d 550, 552[4, 5] (Mo.App. 1969). We conclude that these same principles are applicable in the circumstances of this case.

We have reviewed the record on appeal and we have concluded and we hold that we are not convinced that the judg-

ment of the trial court, on the basis of the paucity of evidence presented, was clearly erroneous. We therefore affirm.

DOWD, C. J., and SIMEONE, J., concur.