Thomas C. VAN LUVAN, Appellant,

v.

Anna M. VAN LUVAN, Respondent.

No. KCD 29776.

Missouri Court of Appeals,
Western District.

Jan. 29, 1979.

2. See *In re L_____*, 499 S.W.2d 490, 492 (Mo. banc 1973) reaffirming the presumption and explicating its effect.

R. Brian Hall, Hall & Stahl, Inc., Gladstone, for appellant.

William L. Hall, Liberty, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

PER CURIAM.

Appellant, Thomas C. Van Luvan, appeals from the judgment of the Circuit Court of Clay County denying appellant's motion to reduce monthly maintenance payments to respondent of $80.00 as awarded in the decree of dissolution entered May 28, 1975. The single point of error alleges that the order was against the weight of the evidence. We affirm.

At the time of entry of the original decree, appellant was employed with gross annual earnings of $12,000.00. He is now retired by reason of physical disability and receives Social Security benefits of $366.66 per month. Appellant is remarried and lives in a home owned by his present wife. Respondent is partially disabled but works part time as a practical nurse earning $1.75 per hour. She owes debts in excess of $7,000.00, the major portion of which are past due medical expenses.

Appellate review in this case is limited by the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Although both the law and the evidence are reviewed, the appellate court defers to the opportunity of the trial court to have judged the credibility of the witnesses. Rule 73.01(3)(a), (b) V.A.M.R. Modification of a decree of dissolution will be ordered only upon a showing of changed circumstances so substantial as to make the terms unreasonable. Section 452.370, RSMo 1975 Supp. The burden of showing substantial change is upon the movant. *Sifers v. Sifers*, 544 S.W.2d 269 (Mo.App.1976).

Motions for modification of support decrees are normally the consequence of increased or decreased income or assets of the spouse obligated to make payments and increase or decrease in the needs of the spouse receiving support. Neither increase nor decrease in the wealth or earning capacity of the spouse obligated for payments is a sufficient factor, standing alone, which will justify or require a modification. *Seelig v. Seelig*, 540 S.W.2d 142 (Mo.App.1976); *Markham v. Markham*, 506 S.W.2d 84 (Mo. App.1974). Such change is taken into account if it is first determined that a change in the circumstances of the spouse receiving support will justify a modification. *Markham, supra; Clisham v. Clisham*, 485 S.W.2d 660 (Mo.App.1972); *Lane v. Lane*, 439 S.W.2d 550 (Mo.App.1969).

■ The record in the present case demonstrates that such change as has occurred in the financial circumstances of respondent has been adverse. She is marginally employed, is under some physical disability and has incurred significant debts not owed at the date of the original decree. While appellant has shown reduced income, his present circumstances do not, standing alone, compel modification of the support award as the evidence adequately supports the conclusion that respondent's need remains equal to if not greater than existed at the time of the original judgment.

Decree affirmed.