In re the MARRIAGE OF Magdalene T. MAREK, Appellant,

and

Laurence E. Marek, Respondent.

No. 42880.

Missouri Court of Appeals, Eastern District, Division Three.

June 2, 1981.

Roger M. Hibbits, Clayton, for appellant.

David J. Barton, Arnold, for respondent.

CRIST, Presiding Judge.

Motion to modify a decree of dissolution filed by respondent, Laurence E. Marek (hereinafter "father"). Father sought, by his motion to modify, termination of his child support obligation with respect to his 18 year old daughter, modification of the temporary custody provisions with respect to the other children, and termination of the maintenance award. The trial court sustained father's motion except that it did not terminate the maintenance award but reduced the amount from $350.00 to $240.00 per month. We affirm.

Appellate review is limited by the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). To obtain modification of a decree of dissolution, the movant has the burden of showing a change in circumstances so substantial as to make the terms of the original decree unreasonable. Section 452.370, RSMo. 1978; *Kieffer v. Kieffer*, 590 S.W.2d 915, 917 (Mo.banc 1979); *Sifers v. Sifers*, 544 S.W.2d 269, 270 (Mo.App.1976); *Van Luvan v. Van Luvan*, 577 S.W.2d 156, 157 (Mo.App.1979).

The transcript contains substantial evidence of the emancipation of the parties' 18 year old daughter warranting the elimination of child support payments for her. The trial court properly considered that she was a high school graduate, gainfully employed full-time with Emerson Electric.

The parties agreed, at the hearing on father's motion, to the modifications of the temporary custody provisions of the original decree stated in the court's order. Father's evidence was that he had remarried, had recently acquired adequate accommodations for the children's overnight visits and was having difficulty seeing the children under the terms of the original decree. Father met his burden to show changes in circumstances warranting modification of the child support and temporary custody provisions of the decree. See, *Gianformaggio v. Gianformaggio*, 341 S.W.2d 293 (Mo.App. 1961).

That part of the trial court's order reducing the maintenance award was supported by competent evidence of substantial and continuing changes in circumstances. Section 452.370, RSMo. 1978. The trial court properly considered the following factors: Mother's ability to meet her needs was enhanced by the salary she received from her new job. The emancipation of one of the parties children reduced mother's need for support. See, *Hebron v. Hebron*, 566 S.W.2d 829, 835 (Mo.App.1978). Father's change in jobs and increased expenses resulted in a reduction in his ability to meet his needs and that of his former

spouse. See, *Van Luvan v. Van Luvan, supra,* at 157.

The trial court's order is supported by substantial evidence, does not erroneously declare the law, and is not against the weight of the evidence.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.