**V. Jean MAGALETTA, Appellant,**

v.

**George Edwin MAGALETTA, Respondent.**

**No. 48646.**

Missouri Court of Appeals, Eastern District, Southern Division.

May 7, 1985.

Phillip J. Barkett, Jr., Sikeston, for appellant.

Walter S. Drusch, Jr., Lowes & Drusch, Cape Girardeau, for respondent.

CRIST, Judge.

Wife appeals the trial court's judgment which modified a decree of dissolution, reducing maintenance payments and denying increased child support. We reverse in part and affirm in part.

The twenty-six (26) year marriage of Dr. and Mrs. Magaletta (hereinafter designated husband and wife) was dissolved on June 1, 1978. There were six (6) children born of the marriage. Four of the six children were emancipated as of the date of the Decree of Dissolution. The Decree provided husband pay to wife the sum of $1,200.00 per month maintenance, $400.00 per month child support for seventeen (17) year old daughter and $300.00 per month child support for ten (10) year old daughter.

On September 12, 1983, husband filed a motion to modify the judgment and decree of dissolution, seeking to eliminate further maintenance payments to wife. Wife counterclaimed for an increase in maintenance from $1,200.00 to $1,500.00 per month and an increase in child support for the remaining minor daughter from $300.00 to $500.00 per month. The elder daughter was emancipated and no longer received support. The circuit court heard husband's motion and wife's counterclaim on April 2, 1984. On April 4, 1984, the court entered judgment reducing wife's maintenance from $1,200.00 to $800.00 per month. The court refused to increase the $300.00 per month child support. Wife appeals reduction of maintenance and denial of increased child support. We reverse the trial court's ruling on the motion to reduce maintenance and affirm the denial of increased child support.

Modification of a dissolution decree as to maintenance and support is governed by Section 452.370, RSMo Supp.1982. This statutory section was enacted for the purpose of imposing a stricter standard to discourage recurrent and insubstantial motions for modification. *Titze v. Cunningham*, 661 S.W.2d 623, 624 (Mo.App.1983). Changed circumstances to support modification must be supported and proven by detailed evidence and must also demonstrate that the prior support order is unreasonable. Section 452.370, RSMo Supp. 1982; *Eastes v. Eastes*, 590 S.W.2d 405, 409 (Mo.App.1979).

In the 1978 Decree of Dissolution, marital property was divided between husband and wife, with each receiving two pieces of real estate (wife's combined valuation at $101,500; husband's valued at $24,600 with additional 30 acres not appraised). Wife was awarded approximately $48,000.00 in cash and securities. Husband received approximately $12,000.00 in cash and securities. Husband was awarded life insurance policies and a Keogh Plan valued at between $50,000.00 and $75,000.00. Husband also received office equipment and accounts receivable from his medical practice. Wife was awarded $1,200.00 per month maintenance and $700.00 per month combined support for two minor children.

Husband contends changed circumstances have occurred, so substantial and continuing as to render the terms of the original decree unreasonable. He points to a reduction in his earned income before taxes from $112,868.00 in 1978 to $69,946.00 in 1983. He states this is due to decreased opportunities in his profession. Husband is a doctor and practitioner of obstetrics and gynecological medicine. Husband also notes wife's increased income from $0 in 1978, when she was pursuing a bachelor's degree, to $11,460.00 before taxes in 1983.

Wife is currently employed as a school teacher.

Husband filed a motion to modify the dissolution decree in September of 1983. The trial court reduced monthly maintenance from $1,200.00 to $800.00. We disagree with the trial court's ruling.

Appellate review is limited by the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Modification of a decree of dissolution will be ordered only upon a showing of changed circumstances so substantial as to make the terms unreasonable. Section 452.370, RSMo Supp.1982. The burden of demonstrating substantial change is upon the movant. *Van Luvan v. Van Luvan*, 577 S.W.2d 156, 157 (Mo.App.1979).

Although husband reports a decline in earned income before taxes of $42,922.00 over a 5-year period, his 1983 income before taxes was $69,946.00. Other financial assets at the time of the hearing on the motion to modify included $200,000.00 in cash savings and $150,000.00 in a Keogh Plan. Wife's increased earnings net an additional $682.44 per month. She holds the same assets awarded at the time of the dissolution, but has borrowed against them.

Neither decrease in husband's earnings nor increase in wife's income alone justifies or requires a modification of the terms of an award. *Early v. Early*, 659 S.W.2d 321, 323 (Mo.App.1983). Despite present decline, husband's future earning potential has been enhanced by his developing expertise in women's sports medicine and underwater medicine. Wife's earning capacity as a high school teacher is limited. At present there is great disparity between husband and wife in yearly income, savings, and retirement funds.

From the evidence it appears husband can meet his own financial needs while continuing to meet his support obligation. The terms of the original decree do not appear unreasonable. Husband has failed to carry the burden imposed on him for modification. *Seelig v. Seelig*, 540 S.W.2d 142, 147 (Mo.App.1976).

Regarding the claim for increased child support, wife failed to introduce sufficient evidence to support an increase from $300.00 to $500.00 per month support for the remaining minor child. Needs of a sixteen (16) year old may exceed those of a child of ten (10) (daughter's age at time of dissolution). Inflation and the cost of living may be a factor in increasing child support. However, wife's testimony as to increasing costs did not demonstrate that the prior support order was unreasonable, especially in light of wife's additional earnings. Increased cost of school tuition, insurance, utilities and the like can result from age and inflation. This does not justify an increase in payments when there is insufficient evidence the original support is unreasonable. *Titze v. Cunningham*, 661 S.W.2d 623, 624–25 (Mo.App.1983); *Eastes v. Eastes*, 590 S.W.2d 405, 409 (Mo.App. 1979).

Wife indicates current expenses for minor child are $428.00 per month. This is comparable to expenses claimed at time of dissolution. Husband continues to pay $300.00 per month support. Wife has added net income of $682.44 per month. Wife fails to show changed circumstances render the original decree unreasonable.

That part of the judgment reducing maintenance from $1,200.00 to $800.00 per month is reversed. That part of the judgment denying increased child support payments is affirmed.

DOWD, P.J., and CRANDALL, J., concur.