**In re the Marriage of Patsy Ann HERZOG, Respondent,**

v.

**Joseph Thomas HERZOG, Appellant.**

**No. 54304.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 29, 1988.

Herbert A. Kasten, Jr., St. Louis, for appellant.

Raymond M. Weber, St. Genevieve, for respondent.

SMITH, Presiding Judge.

Appellant, hereinafter husband, appeals from the order of the trial court denying his motion to modify an award of maintenance in a dissolution case. We affirm.

The evidence at the hearing regarding the financial circumstances of the parties does not establish that as a matter of law those circumstances have changed so substantially and continually as to make the original award unreasonable. Sec. 452.370, RSMo 1986. We are unable to find any basis for premising error upon the trial court's findings as regards the financial circumstances or in its award of attorney's fees to the wife.

As a part of his challenge to the court's order husband points to the admitted cohabitation of wife with a man to whom she is not married. Wife and her paramour are sharing the marital home which she received in the dissolution action. By wife's testimony the cohabitee is contributing nothing monetarily to the household operations or expenses although he is employed at a respectable wage. The relationship had existed for approximately a year at the time of the hearing.

Sec. 452.370 does not specifically provide that cohabitation by the spouse receiving maintenance is a consideration on motions to modify maintenance. Such cohabitation may be considered, under that section, as a financial circumstance in proceedings to modify a child support award. The concept of maintenance is to provide a spouse with the income necessary to provide for his or her reasonable needs. Sec. 452.335.1(1), RSMo 1986. It arises from the obligations undertaken in the marriage contract. Unless otherwise agreed in the dissolution, such obligations end upon remarriage of the spouse receiving such maintenance. This for the reason that by the second marriage the spouse obtains the same obligation for support "and it is unreasonable and illogical as well as unseemly that she should have both at the same time." Nelson v. Nelson, 282 Mo. 412, 221 S.W. 1066 (banc 1920) [3].

The current social trend of non-marital cohabitation presents a vexing problem where modifications of maintenance are sought. Such relationships do not normally carry with them the legal obligations of support which are part of the marriage contract, and may be terminated at any time with no legal repercussions for support. A spouse engaging in such relationship has not obtained a new legal obligation for support. Yet there is a basic unfairness in requiring a prior spouse to continue support of a spouse who has entered into a long term or permanent relationship having some of the benefits of marriage but few of the detriments. It is difficult to attempt to formulate a set of rules which would fairly address the many variations of non-marital relationships as they exist today, which may account for the legislative failure to do so. The action for dissolution and subsequent motions to modify are statutory, but we follow the rules and principles of equity when determining the rights and liabilities of the parties. Armstrong v. Armstrong, 395 S.W. 2d 484 (Mo.App.1965) [1, 2].

It is therefore the obligation of the trial court to evaluate the new relationship created by the spouse receiving maintenance to determine whether equity justifies termination or modification of maintenance on the basis of that changed condition alone.

Where the relationship has achieved a permanence sufficient for the trial court to conclude that it has become a substitute for marriage, equitable principles warrant a conclusion that the spouse has abandoned his or her rights to support from the prior marriage and is looking to the new relationship in that regard. Permanence may be found from either the

time involved or the intentions of the persons involved. Of course, substantial continuing support from a third party with or without a permanent relationship may justify a modification as a changed condition. Where a permanent relationship exists, however, the level of support obtained therefrom is, as with remarriage, irrelevant. The relationship now before us has been of relatively short duration and the evidence failed to establish that wife and her paramour have viewed it as a permanent relationship. The evidence further failed to establish that wife has incurred any additional expenses as a result of her live-in arrangement. There was no evidence that she expends any of her money, including her maintenance, on her paramour except possibly for some food and that is not clear from the record. The evidence is undisputed that the paramour does not provide her with support or financial assistance. Under the evidence in the record we are unable to conclude that the trial court abused its substantial discretion in denying husband's motion to modify.

JUDGMENT AFFIRMED.

CRIST, J., concurs.

SATZ, J., concurs in result.