**In re the Marriage of Clara Mae FULP, Respondent,**

v.

**Douglas Dorr FULP, Appellant.**

**No. WD 43742.**

Missouri ·Court of Appeals,
Western District.

May 7, 1991.

Elizabeth Hill Nigro, Kansas City, for appellant.

Cathelene L. Winger, Warrensburg, for respondent.

Before BERREY, P.J., and ULRICH and BRECKENRIDGE, JJ.

PER CURIAM.

Douglas Dorr Fulp appeals the modification of a marriage dissolution decree, which increased his maintenance obligation to his former wife Clara Mae Fulp. He also appeals the denial of his counter-motion to decrease or terminate maintenance.

The order of modification is reversed in part.

The Fulps' marriage was dissolved in 1982. Pursuant to the dissolution decree, the trial court awarded custody of the couple's three minor children to the wife, and ordered the husband to pay monthly child

support of $150 per child and monthly maintenance of $250. In 1987 the wife moved for increased child support and increased maintenance. In response, the husband claimed two children to be emancipated and filed a counter-motion for decrease or termination of maintenance. At the modification hearing in 1990, the parties stipulated that all three children were emancipated. In its order of modification, the trial court terminated child support, increased the wife's monthly maintenance to $450, and denied the husband's counter-motion.

Evidence at the modification hearing included stipulations regarding each party's salary history since the dissolution, household income, and current expenses. In 1982 the wife earned $8,458; in 1989 she earned $12,747. Two children lived with the wife and held jobs. The parties' son Gregory earned $12,000 in 1989; their daughter Gay Lynn began working in 1990 and had gross weekly pay of $133. In 1989 the wife received $3,545 in child support and $3,000 in maintenance. The wife's monthly living expenses totaled $1,738. In 1982 the husband's annual wages were $20,059; in 1989 his annual wages decreased to $15,486. Since 1979 the husband received a military pension, which had increased to $12,984 in 1989. The husband's new wife earned $25,306 in 1989. The husband's monthly living expenses were $1,692, which represented one-half of his household expenses.

Other evidence at the modification hearing consisted of the parties' testimony about their living situations, employment difficulties, and health problems since the dissolution.

The wife, age 53, had a high school education. She lived in Knob Noster with two emancipated children. Although both children held jobs, the wife paid their living expenses. Gregory, age 21, spent the $12,-000 that he earned in 1989 on his car and his out-of-state college expenses. Gay Lynn, age 20, began working several months before the hearing and was not yet capable of living on her own. During the marriage and since the dissolution, the wife

engaged in factory work, the only work for which she was qualified. After the dissolution, the wife experienced layoffs and sought work with another company. She was eventually rehired by Gates Energy Products. Her work at Gates involved lifting batteries, which caused her pain in the back and shoulders, and caused a knot on her finger. As a result, the wife sought monthly chiropractic treatment for the pain and expected to have surgery on her finger. Since the dissolution the wife underwent surgeries for the removal of gall stones and kidney stones, and developed diabetes, a hernia in the esophagus, and an ulcer. The wife's health insurance premiums were paid by the military. The wife testified that she had no money left after paying her monthly expenses.

The husband, age 54, had completed high school and three years of college. He lived in Winston–Salem, North Carolina, with his new wife of three years. During the marriage and immediately after the dissolution, the husband worked for Service Systems. However, when that company was dissolved, the husband was discharged, was off work for six months, and eventually accepted employment at a reduced salary. Since the dissolution, the husband experienced numerous medical problems. He had flare-ups with a 1963 eye injury, which required treatments and medication. The husband expected to go blind in his injured eye. The husband had operations on his elbow and his back. The husband's back injury caused him to be off work for two years and left him thirty percent disabled. The husband also developed diabetes and ulcers. At the time of the modification hearing, the husband had worked for the City of Winston–Salem as a traffic analyst for two and a half years. He found the work strenuous and hoped to retire in five years. The husband admitted that he had been able to meet his maintenance and child support obligations, even in years of decreased income.

■ In Point I, the husband claims error in the increase of maintenance from $250 to $450 per month. He maintains that the evidence was insufficient to show a sub-

stantial and continuing change in circumstances to support the modification. This court agrees.

■ Reversal of a modification order is appropriate only when the order is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Wilburn v. Wilburn*, 801 S.W.2d 78, 79 (Mo.App.1990). Under § 452.370.1, RSMo Supp.1989, modification of maintenance requires a showing of changed circumstances so substantial and continuing as to make the terms of the dissolution decree unreasonable. The statutory standard for modification is intended to be strict so as to discourage recurrent and insubstantial motions for modification. *Sanders v. Sanders*, 797 S.W.2d 874, 876 (Mo.App.1990). The burden of proving substantial and continuing change rests with the moving party. *Mendelsohn v. Mendelsohn*, 787 S.W.2d 321, 323 (Mo.App.1990).

In support of her motion to increase maintenance, the wife relied on testimony of her health problems and the stipulation of her living expenses. However, such evidence failed to meet the burden of proving a substantial and continuing change of circumstances. Although the wife's health problems made her job difficult, she made no showing that her health problems affected her current earning capacity. Illness which does not hamper the ability to continue working and earning income fails to establish a substantial and continuing change requiring modification. *See Light v. Light*, 753 S.W.2d 628, 631 (Mo.App. 1988). While the wife's stipulated living expenses exceeded her income from all sources, she provided no basis for demonstrating a change in her own financial needs since the dissolution. In a modification proceeding, the concept of "change" necessarily entails a departure from a known prior state or condition. *Hopkins v. Hopkins*, 591 S.W.2d 716, 719 (Mo.App. 1979). The wife provided no evidence showing what her expenses were at the time of the dissolution or what expenses had increased since the dissolution. The lack of proof of any substantial and continuing change in circumstances necessitates reversal of the increase in maintenance. Point I is decided in the husband's favor.

■ In his second point, the husband argues that was he entitled to reduction or termination of his maintenance obligation.

The husband, as proponent of the counter-motion to decrease or terminate maintenance, assumed the burden of proving substantial and continuing change. Like the wife, the husband experienced setbacks in employment and health problems after the dissolution. The husband had sustained a back injury, found his current job strenuous, expected to loose sight in one eye, and wanted to retire in five years. However, he failed to show that his health problems would decrease his current earning capacity in the foreseeable future. *See Light*, 753 S.W.2d at 631. Neither the husband's decrease in income nor the wife's increase in income justified or required modification of the maintenance award. *McAvinew v. McAvinew*, 733 S.W.2d 816, 818 (Mo.App. 1987). Although the husband's earned income dropped between 1982 and 1989, he earned more than the wife at the time of the modification hearing. In spite of the husband's lower wages, he was relieved of his child support obligations by virtue of his children's emancipation, he had increased payments from his military pension, and he could rely, if necessary, on his new wife's income for his own expenses. *Sanders*, 797 S.W.2d at 877. The record supports the husband's ability to pay his original maintenance obligation of $250 and to provide for his own financial needs. The husband made no showing that the original maintenance award was rendered unreasonable by a substantial and continuing change in circumstances. No error resulted from the denial of the husband's motion to decrease or terminate maintenance. The husband's second point is denied.

The portion of the order of modification increasing monthly maintenance to $450 is reversed. The award of monthly maintenance of $250 in the original dissolution

decree is reinstated. In all other respects, the order of modification is affirmed.