Larry Maurice VANCE, Petitioner–Appellant,

v.

Patsy Ann VANCE, Respondent.

No. 18104.

Missouri Court of Appeals, Southern District, Division Two.

April 29, 1993.

---

James M. McClellan, Dempster, Barkett & McClellan, Sikeston, for petitioner-appellant.

John T. McMullan, Pelts, Stokley and Turnbow, Kennett, for respondent.

PREWITT, Judge.

The marriage of the parties was dissolved on December 12, 1990. Following a "Contract and Property Settlement Agreement" of even date, the court ordered that appellant "pay to Respondent as periodic maintenance the sum of $750.00 per month with said payments to cease if Respondent remarries or if either party dies, or when Petitioner reaches age 65 and said maintenance shall be modifiable".

Thereafter, appellant filed a motion seeking to modify the dissolution decree by terminating the maintenance. Following a hearing, the trial court on March 17, 1992, modified the decree as follows:

1. Petitioner's obligation to provide Respondent a vehicle and pay automobile insurance premiums subsequent to the date of this order is terminated.

2. The monthly maintenance payments to be paid by Petitioner to Respondent are reduced to $600.00 effective December 1, 1991.

Appellant contends that the trial court erred in not terminating maintenance because since the decree "there was a change in the financial condition of the parties" and "Respondent was able to meet her reasonable needs and was physically able to secure adequate employment to support herself."

Review is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the trial court's determination, unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990). All facts not found by the trial court are "considered as having been found in accordance with the result reached." Rule 73.01(a)(2).

Due regard is given by this court to the trial court's determination of the credibility of witnesses. Rule 73.01(c)(2); *Looney v. Estate of Eshleman*, 783 S.W.2d 164, 165 (Mo.App.1990). The trial judge is in a better position than this court to determine the credibility of the parties and witnesses, their sincerity, character and other trial intangibles which may not be shown

by the record. *In re Marriage of Chilton,* 576 S.W.2d 584, 585 (Mo.App.1979).

As the trier of fact the trial judge can believe all or part of a witness' testimony and reject the rest and can disbelieve testimony even if uncontradicted. *Rollins v. Schwyhart,* 587 S.W.2d 364, 367 (Mo. App.1979).

Changed circumstances sufficient to support modification must be proven by detailed evidence and must also show that the prior decree is unreasonable. *Magaletta v. Magaletta,* 691 S.W.2d 457, 458 (Mo. App.1985). Neither a decrease in appellant's earnings nor an increase in respondent's income alone requires a modification. *Id.* at 459. Appellant has the burden to establish that the original decree was unreasonable. *Id.*

A trial court may impute income to a party for purposes of determining support obligations in a dissolution matter. *See Aisadi v. Aisadi,* 823 S.W.2d 123, 126 (Mo.App.1992); *Foster v. Foster,* 844 S.W.2d 559, 562 (Mo.App.1992) (imputing amount of demonstrated earning capacity to temporarily unemployed party).

"Past, present, and anticipated earning capacity may be properly considered in determining the ability of a husband to pay maintenance or a noncustodial parent to pay child support." *Goodwin v. Goodwin,* 746 S.W.2d 124, 126 (Mo.App.1988). A factor to be considered is whether the claimed decrease in appellant's income prevents him from being able to pay maintenance. *Calicott v. Calicott,* 677 S.W.2d 953, 955 (Mo.App.1984).

Appellant refers to the amount of marital debts he was given, pointing out that his net worth is a negative $34,267.57 while respondent's is a positive $56,000. This does not show a change from the time when the decree was entered. "The income from the money [wife] was to receive under the original decree was foreseen when the decree was entered.... [citation omitted] There was no showing that there was any income or lack of income from the marital property set aside to either of the parties which was unanticipated or unknown when the original decree was entered." *Moseley v. Moseley,* 744 S.W.2d 874, 878 (Mo.App.1988). *See also Baldridge v. Baldridge,* 789 S.W.2d 816, 818 (Mo.App.1990).

Appellant contends that his income decreased from $41,368 in 1990 to his estimate of $15,000 to $20,000 in 1991. He also states that at the time of the original decree he was farming 525 acres of which he owned 108 acres. He says he lost the right to farm 160 acres of that which he was farming under a lease. His claimed loss of income was due to the loss in the acreage and to climatic conditions.

Appellant, of course, had the burden to establish facts showing that he was entitled to a termination of maintenance. The trial judge may not have believed all of his testimony nor believed that the reduction in income would continue at the level testified to by appellant.

Although the trial court may have believed that appellant had suffered a reduction income, it did not find that he was unable to pay some maintenance. Respondent's income of less than $10,000 a year, was considerably smaller than appellant's. There was evidence that some of the work she was doing was house cleaning work for friends who felt sorry for her. Respondent presented evidence that the cleaning work was infrequent and temporary. There was no evidence regarding what respondent's expenses are. Thus, there was no showing by appellant that respondent's reasonable needs were being met by her employment.

The trial court granted appellant some relief. Under these circumstances it was not required to grant him all the relief he wanted.

The judgment is affirmed.

MONTGOMERY, P.J., and FLANIGAN, J., concur.