In re MARRIAGE OF Jeanette KOH-
LER, n/k/a Jeanette Mepham,
Respondent/Petitioner.

Clarence J. KOHLER, by Lolita V. Sims,
Personal Representative of the Estate
of Clarence J. Kohler, deceased, Re-
spondent,

v.

Patsy J. BLUNT, Appellant/Intervenor.

No. 56402.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 10, 1989.

Coggan R. Mills, Clayton, for appel-
lant/intervenor.

Philip Haegney, St. Louis, for respon-
dent/petitioner.

CRIST, Judge.

Patsy J. Blunt, legatee under a May 12, 1982, will of decedent, Clarence J. Kohler, appeals a judgment finding a legacy of $40,000 to Patsy subservient to a provision of a separation agreement made a part of a September 17, 1975, dissolution decree of decedent and petitioner, Jeanette Kohler. The separation agreement provided for decedent and Jeanette to make wills whereby their four children would share equally in decedent's and Jeanette's estate. We affirm.

On September 17, 1975, the marriage of decedent and Jeanette was dissolved. The decree ordered the parties to perform the terms of their separation agreement. On May 12, 1982, decedent executed a will giving Patsy $40,000, contrary to the separation agreement. On November 27, 1985, decedent died testate. On April 8, 1987, the Probate Division of the St. Louis County Circuit Court opened decedent's estate and testamentary letters were issued. Sometime thereafter a petition was filed on Patsy's behalf to compel distribution. On March 22, 1988, Jeanette and her four children filed a petition for breach of contract to make a will against Patsy and decedent's estate. On April 6, 1988, Patsy filed a motion to dismiss. Patsy's motion was sustained on April 28, 1988. The cause was dismissed without prejudice to Jeanette.

On April 25, 1988, Jeanette filed a motion to enforce the September 17, 1975, decree of dissolution against the estate of decedent. Patsy intervened on June 20, 1988. On March 10, 1989, Jeanette's motion to enforce the decree was sustained and the estate ordered to make distribution to the children of decedent and Jeanette as provided in the separation agreement.

Patsy appeals contending the trial court erred in sustaining Jeanette's motion to enforce the divorce decree because: (1) collateral estoppel precludes the relitigation of issues which were already determined by Jeanette's petition for breach of contract to make a will; (2) the judgment required external proof and is therefore unenforceable; and (3) the effect of enforcement of the decree constitutes distribution of non-marital property.

Initially, Patsy asserts collateral estoppel by reason of the dismissal of a contract action on April 28, 1988.

The doctrine of collateral estoppel precludes relitigation of issues determined by a former judgment. In reviewing whether the application of collateral estoppel is appropriate, this court should consider (1) whether the issue decided in the prior adjudication is identical to the issue presented in the present action, (2) whether the prior adjudication resulted in a judgment on the merits, and (3) whether the party against whom collateral estoppel is asserted was a party or privity in the prior adjudication. *Consumers Oil Co. v. Spiking*, 717 S.W.2d 245, 249[4] (Mo.App.1986).

Initially, we note Patsy did not specifically plead collateral estoppel in her answer to Jeanette's motion to enforce decree of dissolution. Both res judicata and collateral estoppel are affirmative defenses which must be specifically pleaded. Rule 55.08; *Fedor v. Strelow*, 648 S.W.2d 626, 628[1] (Mo.App.1983).

In any event, collateral estoppel is not applicable to the case at hand. Although the real parties in interest are the same in both actions, the other two prongs of the collateral estoppel test are not met.

In order to collaterally estop an action, the prior case must have resulted in a judgment on the merits. Jeanette's petition for breach of contract to make a will was dismissed without prejudice. Although a dismissal with prejudice is an adjudication on the merits; generally, the converse is also true—a dismissal without prejudice is not an adjudication on the merits. Rule 67.03; *Ritter v. Aetna Casualty & Surety Co.*, 686 S.W.2d 563, 564[6] (Mo. App.1985). "The general rule has been stated: 'Dismissal of actions without prejudice ordinarily indicate that such judgments of dismissal affect no right or remedy of the parties and that there has been no decision of the case on the merits.'" *Id.*, citing 27 C.J.S. Dismissal & Nonsuit

§ 73 (1974). The prior case was not an adjudication on the merits.

Additionally, the issues presented in the two causes are not the same. In Jeanette's petition for breach of contract to make a will, she sought to enforce that part of the separation agreement which provided for decedent and her to make a will, independent of the dissolution decree. Thus, the issue in that cause was whether decedent and Jeanette formed an independent contract to make a will. This cause was dismissed without prejudice. However, in the present action, Jeanette sought an order to require decedent's estate comply with the requirements of the separation agreement which was made a part of the decree of dissolution. The seminal issue here is whether the trial court has the right to enforce the divorce decree.

Collateral estoppel is not a bar to Jeanette's action. This point is denied.

In Patsy's second point, she alleges the trial court erred in sustaining Jeanette Kohler's motion to enforce the divorce decree because a judgment which requires external proof to be made certain is unenforceable.

■ In Patsy's brief, she cites the transcript and refers to the testimony of Jeanette as the external proof that was needed to clarify and explain the clause in the separation agreement. However, Patsy has failed to provide the transcript for our review. If an appellant desires review of an issue, it is her duty to furnish a transcript containing all the records, proceedings and evidence relating thereto, and where there is an absence of such items there is nothing for an appellate court to decide. *Davis v. Long*, 521 S.W.2d 7, 8–9[3] (Mo.App.1975).

Further, provisions of separation agreements incorporated into the decrees of dissolution have been found enforceable even though indefinite and uncertain. *Morovitz v. Morovitz*, 693 S.W.2d 189, 190[2–4] (Mo. App.1985); *see also Bryson v. Bryson*, 624 S.W.2d 92, 98[5] (Mo.App.1981); *Payne v. Payne*, 635 S.W.2d 18, 22[1] (Mo. banc 1982). This point is denied.

Finally, Patsy alleges the trial court erred in sustaining Jeanette's motion because the effect of enforcement of the decree constitutes distribution of non-marital property.

■ The trial court, acting on its own, does not have the authority to divide non-marital property. § 452.330.1, RSMo 1975 (Cum.Supp.). However, in the present situation, decedent and Jeanette entered into a separation agreement which provided for each to make a will. The trial court did not find the provisions of the separation agreement to be unconscionable. The separation agreement was incorporated into the dissolution decree.

Section 452.325.5, RSMo 1975 (Cum. Supp.) provides:

> Terms of the agreement set forth in the decree are enforceable by all remedies available for the enforcement of a judgment....

*See also Craver v. Craver*, 649 S.W.2d 440, 444 [4–7] (Mo.banc 1983) (separation agreements incorporated into the dissolution decree become decretal and decretal obligations are enforceable as judgments by levy of execution).

■ Because the separation agreement, incorporated into the divorce decree, provided for decedent and Jeanette to devise their estates to their children, the trial court had the power to enforce it. This point is denied.

Judgment affirmed.

SIMEONE, Senior Judge, and GARY M. GAERTNER, P.J., concur.