**Karen Hartwig DAY, Respondent,**

**v.**

**Stephen B. DAY, Appellant.**

**No. WD 48341.**

Missouri Court of Appeals,
Western District.

Aug. 23, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1994.

Application to Transfer Denied
Nov. 22, 1994.

Joel Pelofsky, Kansas City, Elvin S. Douglas, Jr., Harrisonville, for appellant.

John K. Allinder, Independence, for respondent.

Before SMART, P.J., and KENNEDY and ULRICH, JJ.

KENNEDY, Judge.

In this case, husband's motion to decrease or terminate future maintenance and support obligations to his divorced wife was dismissed by the court without an evidentiary hearing. Husband appeals.

Husband and wife were divorced by decree dated July 1, 1987. They presented to the dissolution court an agreed "Separation Agreement," dated the same day. The separation agreement was approved by the court and made a part of the decree in the following language:

> Respondent, STEPHEN B. DAY, is hereby ordered to pay maintenance to Petitioner as set out in Paragraph 6 (which is hereby incorporated by reference herein) of the above referenced separation agreement. The parties hereto are ordered to carry out the terms of the separation agreement and execute all documents requisite thereto.

The contract contained the following paragraph:

6. Husband, Stephen B. Day, shall pay to wife, Karen Hartwig Day, as and for her maintenance and support the sum of Two Thousand Dollars ($2,000.00) per month on the first day of each and every month beginning July 1, 1987 and for twenty (20) years (240 months) thereafter. Additionally, husband shall pay to wife the sum of Twenty-five Thousand Dollars ($25,000.00) on the first of July, 1992, Twenty-five Thousand Dollars ($25,000.00) on the first of July, 1997, Twenty-five Thousand Dollars ($25,000.00) on the first day of July, 2002 and Twenty-five Thousand Dollars ($25,000.00) on the first of July, 2007. The above-referenced schedule of payments, both as to the monthly payments and quintennial payments, shall be adjusted to current value using 1987 as a base year, by reference to the Consumer Price Index (K.C.) as published by the U.S. Dept. of Commerce; said adjustments to come into effect for the ensuing 5 year period on July 1, 1997 and July 1, 2002 only. Husband's obligation to pay will end and he will be released from the obligation of payment as to any payments due after the death of wife. STATE OF TAX PURPOSE—The parties agree and elect pursuant to Section 71(b)(1)(B) and 215, of the Internal Revenue Code of 1986 that support and maintenance payment under this section, for income tax purposes only, shall not be includable in the gross income of wife and shall not be allowable as a deduction to husband. However, the parties agree that this tax treatment election shall not be used to characterize the payments hereunder for any other purpose as anything other than payments for the support and maintenance of wife. To secure payment of same, husband shall purchase and maintain in full effect for twenty (20) years, a life insurance policy of Three Hundred Thousand Dollars ($300,000.00) or to equal the amount of money still due, whichever is lesser. This policy is to be prepaid annually with a copy to be provided to wife showing wife as beneficiary.

On April 28, 1992, husband had fallen behind in his maintenance payments, and wife filed an Application for Show Cause Order. So far as this record shows, the application had not been heard on April 6, 1993, when husband filed his Motion to Modify the Order of Maintenance. He alleged his financial circumstances had worsened, while his wife's had improved. His motion requested termination of the maintenance payments contracted for.

As earlier noted, the court, on wife's motion to dismiss, dismissed the motion to modify.

At the time of the parties' separation agreement and their dissolution of marriage, the law of Missouri was that such a maintenance award as this—that is, where a specific sum of money was awarded, payable in periodic installments over a protracted time— was lump sum maintenance, and not subject to modification. This point was specifically decided in *Doerflinger v. Doerflinger,* 646 S.W.2d 798 (Mo. banc 1983).

It is presumed the parties entered into their contract in contemplation of existing law. *Miskimen v. Kansas City Star Co.,* 684 S.W.2d 394, 399 (Mo.App.1984). The parties could only have understood by the language of their separation agreement that they were entering into a contract (subject to the approval of the dissolution court) for the payment and receipt of a fixed and unmodifiable sum. It was as if *Doerflinger* were written into the contract between the parties. *Lodge of the Ozarks, Inc. v. City of Branson,* 796 S.W.2d 646, 655 (Mo.App.1990).

It is true, as husband points out, that *Cates v. Cates,* 819 S.W.2d 731 (Mo. banc 1991), has modified the *Doerflinger* teaching. *Cates,* however, was four years in the future when these parties entered into their separation agreement and got their dissolution.

Neither was paragraph 3 of Section 452.335 yet enacted at the time of the present separation agreement and dissolution decree. That paragraph was added in 1988, and requires the maintenance order to state if it is modifiable or nonmodifiable.

Furthermore, *Cates v. Cates* dealt only with the termination of lump sum maintenance, payable in installments, upon the wife's remarriage; it did not deal with modification on the basis of changed circum-

stances. *Cates,* 819 S.W.2d at 735–36. The court held that Section 452.370.2, RSMo 1986, created a rebuttable presumption that the obligation to pay maintenance terminates upon the remarriage of the receiving party or the death of either party. That subsection says:

2. Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future statutory maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.

It is noteworthy that the statute says nothing about modification on the basis of changed circumstances.

■ Husband in this case argues that, if lump sum maintenance terminates upon death of either party, or upon remarriage of the receiving party (as *Cates* held, on the basis of Section 452.370.2), then it follows that lump sum maintenance can also be modified upon proof of change of circumstances. That, however, is contrary to the teaching of *Doerflinger,* and is not taught by *Cates.* In fact, the wife in *Cates* (who had remarried, and was resisting termination of maintenance), made a similar argument to the husband's argument in the present case. To quote from the opinion: "Finally, Rochelle contends that the termination of the maintenance obligation by operation of Section 452.370.2 is tantamount to a modification of the maintenance award contrary to the express language of the separation agreement. We disagree." *Cates,* 819 S.W.2d at 737.

Judgment affirmed.

All concur.