**Charles A. LAMONT, Appellant,**

v.

**Myrtle Ruth LAMONT, Respondent.**

**No. WD 51243.**

Missouri Court of Appeals,
Western District.

May 21, 1996.

Bradley Grill, Kansas City, for appellant.

Phil Cardarella, Kansas City, for respondent.

Before HANNA, P.J., and SMART and ELLIS, JJ.

HANNA, Presiding Judge.

The husband, Charles A. Lamont, appeals from an order of the trial court denying his motion to modify a dissolution decree, which ordered him to pay periodic maintenance for a fixed term. The court denied his motion on the basis that the maintenance award was non-modifiable. The court further held that, even if the award was modifiable, there was insufficient evidence to support such a modification.

In September 1985, the husband filed a petition for dissolution. The parties did not enter into a separation agreement. After a trial on the matter, the court issued an amended decree of dissolution on July 1,

1986. Included in this decree was the following finding:

> 10. That taking into account the ability and financial conditions of the Petitioner [Husband] and Respondent [Wife] and the amounts of marital and nonmarital property set aside to each party, that the Respondent [Wife] is in need of maintenance until such time as she receives her portion of the employee benefits to which the Petitioner [Husband] is entitled from his employer....

Pursuant to this finding, the court ordered the husband to pay the wife $200 per month in maintenance until January 1, 2007, which was the husband's retirement date. The decree did not indicate whether this award was modifiable.

In August 1989, the husband filed a motion to terminate maintenance on the grounds that the wife, while capable of employment, had failed to take the steps necessary to secure employment and that she possessed income producing property sufficient to meet her reasonable needs. The wife filed her answer and counter-motion, claiming that the decree was nonmodifiable or, in the alternative, it should be modified to increase her support. After a hearing, the court denied both motions, finding that there was insufficient evidence of a substantial and continuing change of circumstances to warrant a modification of maintenance.

In November 1994, the husband filed a second motion to modify maintenance, alleging as changed circumstances the involuntary reduction of his income and the wife's ability to support herself through employment and investment income. The wife filed her answer and a request for attorney fees. She also filed a motion for partial summary judgment, in which she reasserted her argument that the maintenance order was not modifiable.

In April 1995, the trial court issued its judgment, holding that the maintenance order was not modifiable, and that, even if it was modifiable, there was insufficient evidence to support such a modification. The court ordered the husband to pay $1250 towards the wife's attorney fees. The husband appeals.

■ In a court tried case, our standard of review is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), and we must uphold the trial court's judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or the court has erroneously declared or applied the law. *Id.* at 32.

■ In his first point, the husband contends that the trial court erred in finding that the original maintenance order was not modifiable in that the provision was based on the wife's needs and the order did not state that it was non-modifiable.

The original award of $200 per month maintenance through January 1, 2007, is described as periodic maintenance for a limited duration. Prior to 1991, such an award was characterized as "maintenance in gross" and was not subject to modification. *Doerflinger v. Doerflinger,* 646 S.W.2d 798, 801 (Mo. banc 1983).

However, in 1991, the *Doerflinger* decision regarding maintenance in gross was overruled in *Cates v. Cates,* 819 S.W.2d 731, 738 (Mo. banc 1991), handed down after the original decree was entered in this case. In its decision, the *Cates* court abandoned the concept of maintenance in gross, except as a means of property division. *Id.* at 735.

The husband in *Cates* was ordered to pay the wife periodic maintenance for a limited duration. *Id.* at 732–33. With approximately one year remaining on the maintenance payments, the wife remarried. The decree and separation agreement were silent as to whether the maintenance payments were to continue in the event of remarriage. The court had to determine whether the wife's remarriage terminated the husband's maintenance obligation under § 452.370, RSMo 1989.

In holding that the *Doerflinger* concept of maintenance in gross was in error, the *Cates* court stated:

> Because maintenance is founded on need, a maintenance award may extend only so long as the need exists. As the statute is cast, therefore, it would make little sense for the law to countenance a lump sum or

"gross" award based on need which was not subject to modification. Thus, the dissolution of marriage statutes appear to contemplate a lump sum or gross payment only as a division of property.

*Id.* at 735. Based on the parties' separation agreement, the *Cates* court determined that the parties intended that the maintenance award was not for the division of property, but instead was based upon the wife's need for temporary, economic sustenance.

The court held that § 452.370.2 (now § 452.370.3, RSMo 1994), creates a presumption that maintenance terminates upon the payee spouse's remarriage, a presumption that can be rebutted only if otherwise agreed to in writing or expressly provided for in the decree. *Id.* at 736. Because neither the decree nor the separation agreement addressed the effect of remarriage, the court concluded that the statute controlled and maintenance should be terminated. *Id.* at 737.

■ As a result of *Cates*, maintenance awards based on need terminate on the death or remarriage of the payee spouse pursuant to § 452.370.3, RSMo 1994, unless the decree or separation agreement provides otherwise. *Id.* at 736. The husband contends that the maintenance award ordered here is modifiable in light of *Cates*, even though the dissolution decree was entered prior to this decision.

At first glance, this argument seems to have been rejected in *Day v. Day*, 885 S.W.2d 736, 738 (Mo.App.1994). In *Day*, the husband argued that if lump sum maintenance terminates upon the death of either spouse, or upon the remarriage of the payee spouse, as was held in *Cates*, then it follows that lump sum maintenance can also be modified upon proof of changed circumstances. *Id.* This court found that such an argument is "contrary to the teaching of *Doerflinger*, and is not taught by *Cates*." *Id.* This finding was based upon the conclusion in *Cates* that the termination of maintenance by death or remarriage is not tantamount to a modification of the maintenance award. *Cates*, 819 S.W.2d at 737. The wife in *Cates* had made this argument because the parties had expressly provided in their separation agreement that the maintenance award could not be modified.

We note, however, that the reason we found the maintenance award in *Day* to be nonmodifiable was because "[t]he parties could only have understood by the language of their separation agreement that they were entering into a contract (subject to the approval of the dissolution court) for the payment and receipt of a fixed and unmodifiable sum." *Day*, 885 S.W.2d at 737. It was as if *Doerflinger* had been written into the agreement. *Id.* Thus, our conclusion in *Day* was based upon the reasoning in *Cates*, which stated:

> Nevertheless, *Doerflinger*'s approval of maintenance "in gross" may well have led the parties in this case to assume that alimony in gross concepts still applied and that an "in gross" award contemplated continuation of the maintenance obligation beyond remarriage. Where the ambiguity of the parties' intent is created by reliance on this Court's prior (but now overruled in part) decisions, we deem it wise to remand the case to permit the trial court to determine whether the parties intended the maintenance obligation to meet Rochelle's economic needs for a period of readjustment or to serve some purpose outside Section 452.335.

*Cates*, 819 S.W.2d at 738.

This same reasoning was again used in *Glenn v. Snider*, 852 S.W.2d 841, 843 (Mo. banc 1993), when the Missouri Supreme Court held that the conclusion in *Cates* that maintenance terminates by statute upon the remarriage of the payee spouse when the decree and agreement are silent does not apply retroactively to decrees and separation agreements entered prior to the *Cates* opinion. The court held that the proper course is to determine whether the parties intended the maintenance to continue past remarriage because they relied on *Doerflinger*'s approval of maintenance in gross. *Id.* Thus, the crucial issue is whether the parties were misled by the rule in *Doerflinger*.

Such reasoning does not apply here because the parties here did not enter into a separation agreement. Thus, they could not

have been misled by an assumption that the maintenance in gross award was not modifiable. Because there is no danger that the parties mistakenly relied upon *Doerflinger*, as there was in both *Day* and *Glenn*, we find *Cates* to be applicable. Thus, because the decree was silent as to whether the maintenance award was modifiable or not, if the award was based upon need, then it is modifiable. *Cates*, 819 S.W.2d at 738.

■ There is nothing presented here that shows that the award was part of the division of property, the only basis for a maintenance in gross award. *Id.* at 735. In fact, the trial court found that the wife "is *in need* of maintenance until such time as she receives her portion of the employee benefits to which the [husband] is entitled from his employer ...." (emphasis added). The court made this finding taking into account the ability and financial conditions of both parties, as well as the amounts of marital and nonmarital property set aside to each party. These factors are the very ones contemplated by the maintenance provision of § 452.335, RSMo 1988. Finally, the court's order that the maintenance payments end on the date of the husband's retirement, is further support that the money was awarded on the basis of the wife's needs. Because the award was based upon need, within the purview of § 452.335, and not for the division of property, and because the decree was silent as to its modifiability, we hold that the maintenance order is modifiable under § 452.370.1, RSMo 1994.[1] *See Id.* at 738.

■ In his second point, the husband argues that the court erred in ruling that there was insufficient evidence to support modification of the maintenance award because there was a substantial and continuing change in circumstances. The husband argues that his income has decreased while his expenses have increased twofold. He further argues that while the wife is capable of gainful employment, she has remained unemployed.

■ Changed circumstances sufficient to support modification must be proven by detailed evidence, which renders the original award unreasonable. *Bradley v. Bradley*, 880 S.W.2d 376, 379 (Mo.App.1994). The burden is on the movant to establish this fact. *Id.* This statutory standard is designed to be strict so as to discourage recurrent and insubstantial motions for modification. *Butts v. Butts*, 906 S.W.2d 859, 862 (Mo.App.1995).

At the time of the dissolution, the husband's annual income was $46,277.53. This annual income had decreased to $38,463.01 at the time of the hearing on the motion to modify. The husband contends that this decrease, combined with the fact that his expenses have increased twofold, from $1,643.89 per month to $2,335.64 per month, is sufficient to warrant a reduction in maintenance.

While the husband describes his reduction of a little more than $7800 in his annual income as significant, courts have overruled motions to modify maintenance when the change in income has been much more substantial. For example, in *Magaletta v. Magaletta*, 691 S.W.2d 457, 458 (Mo.App.1985), the movant husband's income decreased from $112,800 to $69,900. The court found that the motion for modification was properly overruled. *Id.* at 459; *see also McKinney v. McKinney*, 901 S.W.2d 227, 230 (Mo.App. 1995). Further, we note that the husband received stock from his employer in exchange for this income reduction.

Additionally, the husband has failed to present detailed evidence showing that there has been a substantial change in his expenses. The husband admitted that some of the expenses that he listed as his own at the modification hearing were offset by his new wife's income. He also admitted that he did not specify what portion of the $300 he la-

---

1. The husband also argues that the wife cannot assert that the award is non-modifiable in that she asserted this same argument when the husband filed a motion to modify maintenance in 1989, which the court rejected. Thus, he contends the principles of res judicata and collateral estoppel prevent the wife from relitigating this issue. However, res judicata and collateral estoppel must be raised as affirmative defenses, which must be specifically pleaded. Rule 55.08; *In re Marriage of Kohler*, 778 S.W.2d 19, 20 (Mo.App.1989). The husband cannot raise these defenses for the first time on appeal. *Id.*

beled as "miscellaneous expenses" was attributable to him, and what portion was attributable to his new wife.

The husband did not present any evidence that he no longer has the ability to pay $200. In fact, the record shows that the husband can meet his own financial needs and still make the required maintenance payments. The husband has failed to show that this change in income or expenses has rendered the original maintenance order of $200 per month unreasonable.

■ The husband also contends that he is entitled to a modification because the wife "has remained unemployed since the date of dissolution despite apparent ability to obtain gainful employment." The husband is correct that a spouse, if physically capable, has a duty to use reasonable efforts to become self supporting. *Beeler v. Beeler*, 820 S.W.2d 657, 661 (Mo.App.1991).

The only support for this argument, however, is the husband's opinion, unsubstantiated by any evidence, that the wife is capable of full-time, self-supporting employment. At the original dissolution hearing, the trial court found the wife to be in poor health. The husband presented no evidence that the wife's health has improved since that time. Rather, the record demonstrates that her health has continued to deteriorate. On the other hand, the record shows that the wife has made numerous attempts to find employment.

Finally, the husband contends that the wife's securities, which were set aside to her in the original decree, have sufficient growth potential to meet her reasonable needs. However, these assets were taken into account when the original maintenance order was issued.

There remains a great disparity in the yearly incomes of the husband and the wife. *Magaletta*, 691 S.W.2d at 459. The record shows that the husband can meet his own financial needs while continuing to meet his support obligation. *Id.* The trial court's finding that there was insufficient evidence to support a modification of maintenance was supported by the record. Point denied.

■ In his final point, the husband argues that the trial court erred in ordering him to pay $1250 towards the wife's attorney fees. Specifically, the husband argues that the court failed to consider that the wife holds approximately $80,000 in securities, mutual funds, and individual retirement accounts. He further asserts that while the wife's annual income was only $9800, her expenses were also "quite low."

■ Trial courts have broad discretion in awarding attorney fees. *Ansevics v. Cashaw*, 881 S.W.2d 247, 250 (Mo.App.1994). We will not disturb the trial court's award of attorney fees unless that appellant makes a showing that the trial court abused its discretion. *Id.* To do so, the appellant must show that the award was clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *Id.*

The trial court found it was appropriate for the husband to pay $1250 towards the wife's attorney fees based upon the respective economic conditions of the parties. We find that the court did not abuse its discretion in ordering the husband to contribute to the wife's legal fees. The husband has failed to demonstrate that the award was clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. Point denied.

The trial court's judgment denying modification of the maintenance award is affirmed. The case is remanded to correct the judgment entry to make the award of periodic maintenance for a limited duration modifiable.

SMART and ELLIS, JJ., concur.