**Shirley Jean LEMMON, Respondent,**

v.

**Edward D. LEMMON, Appellant.**

**Nos. WD 53297, WD 53321.**

Missouri Court of Appeals,
Western District.

Jan. 27, 1998.

Patrick David Beeman, Kansas City, James Roy Brown, Kearney, for Respondent.

Wendell E. Koerner, Jr., St. Joseph, for Appellant.

Before LOWENSTEIN, P.J., and SPINDEN and LAURA DENVIR STITH, JJ.

LOWENSTEIN, Presiding Judge.

The wife, Shirley Lemmon (hereinafter "Wife") appeals an order of the trial court granting a motion to modify the maintenance award from a dissolution decree. The trial court held that monthly payments of maintenance by husband, Edward Lemmon (hereinafter "Husband"), be reduced from $300.00 per month to $220.00 per month. The original judgment of dissolution, entered on November 9, 1994, awarded modifiable maintenance to Wife in the amount of $300.00 per month.

On January 5, 1996, Husband filed a Motion to Modify. Husband requested that maintenance be decreased on the grounds that: (1) he had experienced a significant decrease in income, which resulted in severe financial difficulties; (2) at the time of dissolution he was grossing $2,450.00 per month and at the present time his income had reduced to $1,899.00 per month; and (3) that Wife no longer had large health insurance premiums because she was now on Medicare. At the time of trial, Husband also argued that Wife's income had increased substantially since the dissolution of marriage decree while her expenses had decreased.

After hearing evidence on June 25, 1996, the trial court found that Wife's "... increase in income since the dissolution, and her decrease in medical expenses ... constitute a substantial and continuing change in circumstances so substantial as to make the terms of the prior decree unreasonable." The trial court found a continued need for maintenance but that the amount should be reduced by $80.00 per month, thus requiring Husband to pay Wife periodic modifiable maintenance in the amount of $220.00 per month. Wife appeals and Husband cross-appeals.

In a court-tried case, appellate review of a motion to modify maintenance is pursuant to 73.01(c) and is limited to a determination of whether the trial court's judgment is supported by substantial evidence, whether it is against the weight of the evidence, or whether the court has erroneously declared or applied the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Lamont v. Lamont,* 922 S.W.2d 81, 83 (Mo. App.1996); *Butts v. Butts,* 906 S.W.2d 859, 861 (Mo.App.1995). This court accepts as true the evidence and reasonable inferences therefrom that are favorable to the trial court's judgment and disregards all contrary evidence. *Butts v. Butts,* 906 S.W.2d at 861. An appellate court will defer to the trial court even if the evidence could support a different conclusion. *Bradley v. Bradley,* 880 S.W.2d 376, 379 (Mo.App.1994).

Under § 452.370.1[1] a modification of maintenance requires a showing of changed circumstances so substantial and continuing as to make the terms of the dissolution decree concerning maintenance unreasonable. § 452.370; *Fulp v. Fulp,* 808 S.W.2d 421, 423 (Mo.App.1991). Changed circumstances sufficient to support modification must be proven by detailed evidence. *Vance v. Vance,* 852 S.W.2d 191, 193 (Mo. App.1993). The statutory standard for modification is designed to be strict so as to discourage recurrent and insubstantial motions for modification. *Lamont v. Lamont,* 922 S.W.2d at 85. The burden of proving substantial and continuing change rests with the moving party. *Id.;* § 452.370.

## I. Wife's Appeal

In her only point on appeal, Wife claims that the trial court erred in reducing maintenance because Husband failed to prove a change in circumstances so substantial as to make the terms of the dissolution decree unreasonable. Specifically, Wife argues in her brief that although her "overall medical care costs did reduce from approximately $650.00 per month to $200.00 per month[,]"

1. All statutory references are to RSMo.1994 un-    less otherwise stated.

the overall reduction in health care costs was not specifically alleged by Husband in his motion. Wife also argues that her overall expenses have remained almost the same and that the trial court's finding that her income had increased from $426.00 per month to $1,561.00 per month was not supported by the evidence.

The trial court found that the purpose of maintenance at the time the dissolution hearing was granted was to cover health related costs until Wife was eligible for Medicare. The fact that Wife's medical care and prescriptive drug costs have, according to Wife's brief, decreased by $450.00 is certainly relevant to the determination of whether modification of maintenance is justified. There is substantial evidence to support the trial court's finding regarding Wife's medical care costs.

However, the trial court found a substantial and continuing change in circumstances based on the decrease in Wife's medical expenses *and* the increase in Wife's income from wages. While an increase in Wife's income is a factor to be considered, it alone does not justify or require a modification of maintenance. *Early v. Early,* 659 S.W.2d 321, 323 (Mo.App.1983); *Vance v. Vance,* 852 S.W.2d 191, 193 (Mo.App.1993). The trial court determined Wife's income at the time of the decree only included $426.00 in social security. The trial court did not include the maintenance award of $300.00 as income at the time of the decree. In calculating Wife's current income, the trial court included $445.00 from social security, $300.00 maintenance, $250.00 from the sale of a rental house that she received in the property distribution, and $566.00 from repayment of loans to her children to reach a total monthly income of $1561.00.

At the time of dissolution, the court awarded maintenance knowing what the property settlement entailed. Income from the property the wife received because of the decree was foreseen when the decree was entered. *Vance v. Vance,* 852 S.W.2d at 193. In a modification proceeding, the concept of "changed circumstances" entails a departure from prior known conditions.

*Fulp v. Fulp,* 808 S.W.2d 421, 423 (Mo.App. 1991). Therefore, the reasonably foreseeable income produced as a result of the assets Wife received in the dissolution decree should not be included when calculating any increase in Wife's income. This includes both the $250.00 Wife now receives from the sale of the rental house and the $300 maintenance award. These two sources of income were reasonably foreseeable at the time the final dissolution decree was entered, and were incorrectly included in the calculation of Wife's present income for the motion to modify by the trial court. The increase in Wife's income was only $585.00 rather than $1135.00. The issue is remanded back to the trial court for a proper analysis of the changed circumstances to determine if a modification in maintenance is still justified under the evidence.

## II. Husband's Cross Appeal

In his point on cross-appeal, Husband argues that the trial court erred in not further reducing maintenance paid by Husband to Wife by more than $80.00 per month. Given the disposition of Wife's appeal, this court finds that Husband's cross appeal is moot and therefore, it is not addressed.

The judgment is reversed and remanded in accordance with this opinion.

All concur.