Terrie Lee SMILLIE, Petitioner–Respondent,

v.

Donald Glynn SMILLIE, Respondent–Appellant.

No. 22389.

Missouri Court of Appeals,
Southern District,
Division Two.

March 24, 1999.

Motion for Rehearing and Transfer
Denied April 12, 1999.

Application to Transfer Denied
June 1, 1999.

by the parties' original decree. We conclude that the family court's decision to modify the maintenance award was not supported by substantial evidence. Accordingly, we reverse that part of the judgment. We affirm the judgment in all other respects.

## FACTS

Appellant's and Respondent's marriage was dissolved by the Greene County Circuit Court in a decree dated January 4, 1993. The circuit court's decree ordered Appellant to pay Respondent $1,050 per month in maintenance beginning January 1, 1993. The decree called for Appellant's maintenance payments to end July 1, 1996, although the decree expressly stated that the award was modifiable. The decree further granted Respondent primary physical custody of Appellant's and Respondent's three unemancipated minors and ordered Appellant to pay Respondent $333.33 per month in child support for each child. Among other awards, the decree also ordered Appellant to maintain health insurance for Respondent "so long as [Appellant] is obligated to pay maintenance to [Respondent]." The trial court's decree also approved and incorporated the parties' property settlement agreement by reference. In the settlement agreement, Appellant assumed "[a]ll debt owed by [Appellant] or by the parties jointly to Missouri Department of Revenue and the Internal Revenue Service, including any taxes, interest or penalties thereon."

In February 1996, Respondent filed this action seeking, *inter alia*, modification of the maintenance award in the parties' decree of dissolution. A family court commissioner conducted a hearing to consider Respondent's motion. At the hearing, both parties presented evidence of changes in their situations since the time of their dissolution. These changes included the following.

At the time of the parties' dissolution, Respondent was unemployed and had no income of her own. Since that time, she has earned a Bachelor of Science in Nursing ("BSN") degree. At the time of the modification hearing, Respondent was working full time for Oxford Healthcare Home Health Agency

Charles B. Cowherd, Husch & Eppenberger, Springfield, Attorney for Appellant.

Devon F. Sherwood, Sherwood, Honecker & Bender, Springfield, Attorney for Respondent.

KENNETH W. SHRUM, Presiding Judge.

This is a domestic relations case in which the family court modified a dissolution decree by, among other things, extending the maintenance obligation of Donald Smillie ("Appellant") to his former wife, Terrie Smillie ("Respondent"), beyond the termination date set

("Oxford"), where she received an annual salary of $24,400.

Appellant, who worked as a securities dealer earning over $50,000 at the time of the parties' dissolution, was, at the time of the modification hearing, working full time for Smillie Financial Services, Inc. ("SFSI"). SFSI was owned by Appellant's current wife, Marilyn Smillie, who was the president and sole shareholder. Appellant reported that SFSI did not pay him any salary for his work, but the trial court nonetheless imputed half of SFSI's profits—i.e., approximately $19,923 in 1997—to Appellant. In addition, the trial court found that SFSI had paid $3,000 "for [Appellant's] fees in this action." Appellant reported other income from teaching for Southwest Missouri State University and from serving in the Missouri Army National Guard. His income from these activities totaled $13,700 in 1997, resulting in a total income of approximately $36,623 for that year (including amounts paid by SFSI for Appellant's legal fees in this action). Appellant testified that he expected SFSI's profits to decline in 1998, and he was not planning to do as much teaching that year, so he anticipated that his total income would decrease for the year.

After their dissolution, both parties incurred significant credit card and student loan debt. Also after the dissolution, two of the parties' previously unemancipated children became emancipated. The one remaining unemancipated child, Lindsay, continued to live with Respondent.

Following the modification hearing, the family court commissioner submitted "Findings and Recommendations for Judgment and Decree of Modification." The family court judge adopted the commissioner's findings and recommendations and entered final judgment in accordance therewith. The findings included the following: "[T]here has been a substantial and continuing change in the circumstances of the parties, rendering the provisions of the [January 4, 1993,] de-

cree concerning maintenance unreasonable." Based on this finding, the court ordered the following: "The amount of maintenance owed by [Appellant] to [Respondent] is modified to the sum of $590.00 per month, retroactive to July 1, 1996, to continue until terminated by law, payable to the Clerk of the Circuit Court of Greene, County, Missouri as trustee for [Respondent]." [1]

This appeal followed.

## DISCUSSION AND DECISION

Modifications of maintenance are governed by § 452.370,[2] which, in pertinent part, provides:

"the provisions of any decree respecting maintenance ... may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. In a proceeding for modification of any ... maintenance award, the court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits...."

§ 452.370.1. A party moving for modification of maintenance bears the burden of showing substantial and continuing changed circumstances, and he or she must do so with detailed evidence. *Lemmon v. Lemmon*, 958 S.W.2d 601, 603[4,6] (Mo.App.1998).

In a court-tried action to modify a maintenance award, we conduct our review in accordance with the standards enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), and Rule 73.01(c).[3] *Lemmon*, 958 S.W.2d at 603; *Lamont v. Lamont*, 922 S.W.2d 81, 83[1] (Mo.App.1996). We will uphold the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it

---

1. Notably, the family court also increased Appellant's child support obligation for Lindsay "to the sum of $409.00 per month retroactive to March 1, 1996." Appellant does not appeal that decision.

2. All statutory references are to RSMo Cum. Supp.1997 unless otherwise stated.

3. All Rule references are to Missouri Supreme Court Rules (1998) unless otherwise stated.

erroneously declares or applies the law. *Lemmon*, 958 S.W.2d at 603[1]; *Murphy*, 536 S.W.2d at 32[1].

■ Appellant's first point challenges the trial court's judgment modifying maintenance as unsupported by substantial evidence because, *inter alia*, Respondent failed to present any evidence of her expenses at the time of the parties' dissolution. We agree.

Respondent, as the moving party, had the burden of proving the existence of a substantial and continuing change that rendered the terms of the original maintenance award unreasonable. *Lemmon*, 958 S.W.2d at 603. *See* § 452.370.1–2. It is rudimentary that in order to determine whether circumstances have changed, one must first have knowledge of the circumstances to be compared. "In a modification proceeding, the concept of 'change' necessarily entails a departure from a *known* prior state or condition." *Fulp v. Fulp*, 808 S.W.2d 421, 423 (Mo.App.1991) (citing *Hopkins v. Hopkins*, 591 S.W.2d 716, 719 (Mo.App.1979)) (emphasis added). Thus, in order to satisfy her burden of proof, it was incumbent upon Respondent to show the circumstances as they existed at the time of the parties' dissolution, including the parties' expenses. Appellant correctly points out that Respondent failed to present any evidence showing her expenses at the time of the dissolution or how her expenses have changed since that time. We further observe that Respondent failed to present any evidence of Appellant's expenses at the time of dissolution. Consequently, the family court's finding that "a ·substantial and continuing change in the circumstances of the parties[ ] render[ed] the provisions of the [January 4, 1993,] decree concerning maintenance unreasonable" was not supported by substantial evidence.

■ In her brief, Respondent does not expressly deny that she failed to present evidence showing her expenses at the time of the parties' dissolution, but she argues that Appellant's point should be denied for two reasons. She begins by noting that the setting of a termination date for maintenance presupposes that there was, at the time of dissolution, substantial evidence that Respondent would be self-sufficient by that date.

*See Tappan v. Tappan*, 856 S.W.2d 362, 368 (Mo.App.1993). Continuing, Respondent argues that Appellant's misconduct in this case was at least partly responsible for her failure to become self-supporting by July 1, 1996, as contemplated at the time of dissolution. She bases this argument on evidence that showed that Appellant had failed to maintain health insurance on Respondent as required in the decree of dissolution; that Appellant had failed to make all maintenance payments as ordered in the decree of dissolution; and that Appellant had failed to pay certain obligations to the Internal Revenue Service ("IRS") as he had agreed in the parties' property settlement agreement, thereby causing her to incur additional tax liability. Respondent contends that Appellant's "fiscal misconduct" interfered with Respondent's ability to become self-supporting by July 1, 1996, in that it forced her to go to work to pay bills, which, in turn, prolonged her education. As a result, Respondent urges this court to invoke equitable principles to deny Appellant's request for relief.

In support of her argument, Respondent cites *Herzog v. Herzog*, 761 S.W.2d 267 (Mo. App.1988). *Herzog* states the general principle that "[t]he action for dissolution and subsequent motions to modify are statutory, but we follow the rules and principles of equity when determining the rights and liabilities of the parties." 761 S.W.2d at 268.

We are not persuaded, however, that equity should intervene in this case. As discussed above, Respondent clearly failed to satisfy her burden of proof with regard to changed circumstances. Equitable intervention in this situation would essentially constitute an abandonment of the burden placed on Respondent by § 452.370. Moreover, we note that the family court awarded Respondent arrearages for those obligations Appellant failed to pay under the decree of dissolution. This fact diminishes Respondent's argument for equitable intervention.

■ Next, Respondent argues that the original award of maintenance is, itself, evidence of her expenses at the time of dissolution because she had no income at that time. She states, "This is *res judicata* that this

sum was sufficient to meet Respondent's need." Respondent's argument is flawed in two notable respects. First, a maintenance award is aimed at *closing* the gap between the income of the spouse seeking maintenance and that spouse's monthly expenses. *In re Marriage of Zavadil,* 806 S.W.2d 506, 512[16] (Mo.App.1991). Elimination of the gap between the income and expenses of the spouse seeking maintenance is not mandatory. That is, a court is not required to set a maintenance amount equal to the needs of the spouse seeking maintenance. *Schroeder v. Schroeder,* 924 S.W.2d 22, 27[14] (Mo.App. 1996). Accordingly, it would be improper for us to presume that Respondent's maintenance award equaled her needs, or expenses, at the time of dissolution.

Second, in this case, the original maintenance award was entered pursuant to an agreement between the parties, which was contained in their property settlement agreement. Under § 452.325.2, a court is bound to uphold such an agreement unless it is "unconscionable." *See Bryson v. Bryson,* 624 S.W.2d 92, 96[5] (Mo.App.1981). Thus, while we have some assurance that the parties' agreement, on the whole, was not "unconscionable," we are unable to conclude that Respondent's maintenance award accurately reflected Respondent's expenses at the time of the dissolution. For both these reasons, Respondent's reliance on the original maintenance award as evidence of her expenses is misplaced.

Furthermore, we note that the record is devoid of any evidence of *Appellant's* expenses at the time of dissolution. Section 452.370.1 clearly states that "the court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of *both* parties." (Emphasis added.) This necessarily requires evidence of both parties' expenses at the time of dissolution. The absence of evidence regarding Appellant's expenses at the time of dissolution further supports our conclusion that the trial court's decision to ex-

tend maintenance in this case was not supported by substantial evidence.

For the foregoing reasons, the portion of the family court's judgment extending Appellant's maintenance obligation beyond July 1, 1996, is reversed.[4] Additionally, that portion of the family court's judgment awarding Respondent arrearages against Appellant for retroactive extended maintenance payments—that is, from July 1, 1996, to February 1, 1998—in the amount of $11,800 is also reversed. Appellant appealed only the provisions of the family court's judgment involving extended maintenance. Consequently, in all other respects, the family court's judgment is sustained.

MONTGOMERY and BARNEY, JJ., concur.

---

4. Our resolution of Appellant's Point I renders his second point moot. Consequently, we need not and do not address it.