In re MARRIAGE OF Gloria Elaine KATZ and Harold I. Katz.

Gloria Elaine Katz,
Petitioner/Respondent,

v.

Harold I. Katz, Respondent/Appellant.

No. 74543.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 27, 1999.

Merle L. Silverstein, Rosenblum, Goldenhersh, Silverstein & Zafft, Jeffrey A. Cohen, Clayton, for appellant.

John A. Turcotte, Jr., Diekemper, Hammond, Shinners, Turcotte, and Larrew, P.C., Kimberly J. Bettisworth, St. Louis, for respondent.

Before PAUL J. SIMON, P.J., KATHIANNE KNAUP CRANE, J., and LAWRENCE E. MOONEY, J.

## MEMORANDUM DECISION

PER CURIAM.

Husband, Harold I. Katz, appeals from the trial court's judgment denying his motion to modify the $2,000.00 per month maintenance award in the 1985 decree dissolving his thirty-seven year marriage to wife, Gloria Elaine Katz. The trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears.

In particular, husband argues that the trial court abused its discretion in failing to reduce the maintenance award because wife could, but did not, invest the income producing property she received in the dissolution in higher interest government bonds and because wife was now receiving $550.00 in social security benefits. "Changed circumstances" in a modification proceeding entails a departure from a known or foreseeable condition. *Lemmon v. Lemmon,* 958 S.W.2d 601, 604 (Mo.App.1998). Wife's income from her property was foreseeable at the time of dissolution. *Id.* Wife's failure to more aggressively invest that property is not a basis to reduce maintenance. In addition, the trial court's explicit finding that husband had not shown changed circumstances so substantial and continuing as to make the terms of the dissolution decree concerning maintenance unreasonable was supported by substantial evidence. Although wife was receiving $550.00 in social security benefits which she was not receiving at the time of the decree, her average monthly expenses had also increased and those expenses slightly exceeded her average monthly total income. The court specifically found the changes in wife's financial situation to be minimal.

Husband also argues that wife's request for attorney's fees and costs in her prayer for relief in the answer to husband's motion to modify was not sufficient notice to him of wife's request for attorney's fees because it was not supported by factual allegations. Evidence of wife's attorney's fees was admitted without objection and supports the award. Plaintiff's cases in support of its argument are both distinguishable.

The judgment is affirmed in accordance with Rule 84.16(b).