### Susan C. CHIODINI, Respondent,

### v.

### Raymond A. CHIODINI, Appellant.

### No. ED 76098.

Missouri Court of Appeals,
Eastern District,
Division One.

June 20, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 25, 2000.

Application for Transfer Denied
Aug. 29, 2000.

Michael A. Gross, St. Louis, for appellant.

W. Bevis Schock, St. Louis, for respondent.

Before: GARY M. GAERTNER, P.J., PAUL J. SIMON, J., and JAMES R. DOWD, J.

## MEMORANDUM DECISION

### PER CURIAM.

Appellant/Husband, Raymond A. Chiodini, appeals from the trial court's judgment denying his Motion for Attorney's Fees on Appeal and awarding $4,500 in attorney's fees to Respondent/Wife, Susan C. Chiodini.

The distribution of attorney's fees by the trial court is presumptively correct. *Cohn v. Cohn,* 841 S.W.2d 782, 787 (Mo.App. E.D.1992). In determining the proper distribution, the trial court has broad discretion to award or deny attorney's fees and its ruling will not be disturbed absent an abuse of discretion. *Brock v. Brock,* 936 S.W.2d 882, 888 (Mo.App. E.D.1997). In determining if there was an abuse of discretion, "the appellant must show that the award was clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Lamont v. Lamont,* 922 S.W.2d 81, 86 (Mo.App. W.D.1996).

In his first appeal, this court affirmed the trial court's division of property awarding Appellant $53,497 and the trial court's award to Wife of $10,500 in attorney's fees. In doing so, the court affirmed the trial court's finding that "Husband or his attorney [not the Husband's attorney in this appeal] had engaged in a conscious effort to deplete Wife's financial reserve." *Chiodini v. Chiodini,* 981 S.W.2d 155, 158 (Mo.App. E.D.1998).

After the first appeal, Appellant filed his Motion for Attorney's Fees on Appeal for

an amount in excess of $15,000, which Appellant had already paid to his attorney. Wife filed a similar motion for her fees on appeal totaling $6,116.06. The trial court denied Appellant's Motion for Attorney's Fees on Appeal and awarded Wife $4,500—73.6% of her attorney's fees on appeal. In its Order and Judgment, the trial court, pursuant to Section 452.355 RSMo 1994, correctly took into account the financial resources of both parties and the actions of the parties during the pendency of the action.

Appellant now appeals that decision of the trial court. We have reviewed the briefs of the parties and the record on appeal. Appellant has not demonstrated that the trial court's distribution of attorney's fees was shockingly unfair. No error of law appears. An opinion reciting the detailed facts and restating the principles of law would have no precedential value. The judgment is affirmed pursuant to Rule 84.16(b).