**Shirley M. MARVIN, Appellant,**

v.

**George W. MARVIN, Respondent.**

No. 71889.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 2, 1997.

Motion for Transfer to Supreme Court Denied Jan. 15, 1998.

**572**

Paul J. Vaporean, John J. Cavanagh, Jr., Danis, Cooper, Cavanagh & Hartweger, L.C., St. Louis, for Appellant.

Rand Elio Scopel, Scopel & Associates, Bridgeton, for Respondent.

Before ROBERT G. DOWD, Jr., P.J., and SIMON and HOFF, JJ.

### ORDER

PER CURIAM.

Shirley M. Marvin (appellant) appeals from a judgment of the Circuit Court of St. Louis County in favor of George W. Marvin (respondent) on his Motion to Terminate Maintenance. Appellant contends that the court erred in terminating maintenance payable to her since: (1) there was a final judgment entered by a court of the State of Colorado which included the finding that there was no marriage ceremony; and (2) *Glass v. Glass*, 546 S.W.2d 738 (Mo.App.1977) is irrelevant or inapplicable to the present facts.

We have reviewed the briefs of the parties and the record on appeal. In pertinent part, Section 452.075 RSMo 1996 (all future references will be to RSMo 1996 unless otherwise indicated), originally enacted by the Missouri General Assembly in 1957, provides:

> When a divorce has been granted, and the court has made an order or decree providing for the payment of alimony and maintenance of the wife, the remarriage of the former wife shall relieve the former husband from further payment of alimony of the former wife from the date of the remarriage, without the necessity of further court action . . .

Section 452.075 was subsequently modified by Section 452.370(3), which provides:

> Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future statutory maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.

"Remarriage" refers to the ceremony of marriage and not to the status or relationship—valid, voidable or void—which actually results. *Glass v. Glass*, 546 S.W.2d 738, 742 (Mo.App.1977). Section 452.370(3) creates a rebuttable presumption that the obligation to pay statutory maintenance terminates upon the remarriage of the receiving party or the death of either party. *Cates v. Cates*, 819 S.W.2d 731, 734[2] (Mo.banc 1991). This statutory presumption is rebutted by an agreement in writing that the obligation to pay statutory maintenance extends beyond remarriage or death or by a decree of dissolution expressly extending the obligation to pay future statutory maintenance beyond the death of either party or the remarriage of the receiving party. *Id.*

Here, while the record indicates a district court in El Paso County, Colorado issued an "ORDER OF NONEXISTENCE OF A VALID MARRIAGE CEREMONY" on October 17, 1996 because a pastor performing a marriage ceremony between appellant and Darrell Sanford on June 15, 1996 was not authorized by Colorado law to perform the ceremony, there was no dispute of fact before the trial court in Missouri that a marriage ceremony, though found to be invalid under Colorado law, took place involving appellant and Sanford on June 15, 1996. Further, the decree of dissolution did not contain any language that extends respondent's obligation to pay beyond the remarriage of appellant, nor did the agreement which was incorporated into and made a part thereof. The trial court's judgment that respondent's obligation to pay maintenance was terminated by appellant's marriage is not erroneous. It is supported by substantial evidence. An opinion would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).