

# In the
# Missouri Court of Appeals
## Western District

FAYE KUNCE N/K/A FAYE GRAHAM,

          Respondent,

v.

JEFFREY J. KUNCE,

          Appellant.

**WD77399**

**OPINION FILED:**

**APRIL 28, 2015**

---

**Appeal from the Circuit Court of Boone County, Missouri**
**The Honorable Leslie Mayberry Schneider, Judge**

**Before Division Three: Mark D. Pfeiffer, PJ., Gary D. Witt, Anthony Rex Gabbert, JJ**

Jeffrey J. Kunce appeals the circuit court's judgment denying his motion to terminate or modify maintenance. Kunce raises three points on appeal. First, Kunce argues that the circuit court erred in denying his motion to terminate maintenance because Faye Graham remarried. Second, Kunce argues that the circuit court erred in denying his motion to modify maintenance because Kunce proved a substantial and continuing change in circumstances, while Graham failed to adduce evidence to support a continued award of $1,800 per month of maintenance. Third, Kunce argues that the circuit court erred in awarding Graham's attorney's fees in the amount of $1,500 because the totality of the circumstances does not support an award of attorney's fees. We affirm.

**Factual Background**

The parties were divorced on June 25, 2010, after approximately thirty-one years of marriage. As part of the dissolution decree, Kunce was ordered to pay Graham $1,800 per month in maintenance. Kunce was also ordered to pay $300 per month to Graham for child support for their nineteen year old daughter.

After the dissolution, Graham began dating Jesse Biddle. She eventually moved to Vermont where Biddle and his children resided. In November 2010, Graham and Biddle registered for a domestic partnership status in the City of Seatle.[1] This was done to allow Graham to benefit from Biddle's health insurance coverage. It was also decided that Graham and Biddle would have a celebration of their relationship. The couple sent out announcements and even ran an ad in a newspaper with the headline stating "Wedding: Graham-Biddle." The first sentence of the newspaper announcement stated that the couple were married June 25, 2011 aboard a boat.

However, the couple did not obtain a marriage license nor did the person presiding over the ceremony have the legal authority to perform a marriage. Also, several months prior to the celebration, Graham contacted Kunce to let him know about the celebration and emphasized that it was not a wedding as she had no intention of ever getting married again.

Sometime after the celebration, Kunce stopped paying Graham the monthly maintenance. On July 25, 2012, Kunce filed a motion to terminate maintenance and child support[2] as well as

---

[1] The application stated in part: "We understand that the Registration of Domestic Partnership does not afford our relationship any new or different legal status. We understand that neither this application nor the registration is intended to create any new or different legal rights or responsibilities. We understand that neither this application or the registration is intended to establish or evidence any contractual relationship or contractual obligations between us."

[2] The issue of child support is not before us on appeal.

2

an alternative motion to modify the maintenance and child support. In support of his motion to terminate maintenance, Kunce claimed that Graham remarried. Graham later filed a cross-motion seeking to increase the maintenance.

A hearing was held on the motions. At the time of the hearing, Graham was no longer in a relationship with Biddle. Both Kunce and Graham testified. The court denied both parties motions to modify and Kunce was ordered to continue to pay Graham $1,800 per month in maintenance. In reaching its decision, the court found that Graham did not remarry because a marriage license was not obtained, and the person presiding over the ceremony was not legally authorized to perform a marriage.[3] The court also awarded Graham $1,500 in attorney's fees. Kunce appeals.

## Termination of Maintenance

In his first point on appeal, Kunce argues that the circuit court erred in denying his motion to terminate maintenance. Kunce contends that Graham remarried and her maintenance should have terminated upon remarriage pursuant to §§ 452.075 and 452.370, RSMo 2000.[4] We find no error.

Appellate review of a ruling on a motion to modify maintenance is limited to a determination of whether it is supported by substantial evidence, whether it is against the weight of the evidence, or whether it erroneously declares or applies the law. *Butts v. Butts*, 906 S.W.2d 859, 861 (Mo. App. 1995) (citations omitted). "We accept all reasonable inferences and evidence favorable to the order and disregard all contrary inferences." *Gerecke v. Gerecke*, 954

---

[3] While not explicitly stated in the court's judgment, there is evidence on the record that Graham and Biddle did not have the intent to marry.

[4] All statutory references are to the Missouri Revised Statutes 2000 updated through the most recent supplement unless otherwise noted.

3

S.W.2d 665, 667 (Mo. App. 1997). "This Court will also give deference to the trial court in judging the credibility of witnesses." *Id.* "The trial court may believe or disbelieve all, part, or none of the testimony of any witnesses." *Id.*

Section 452.370.3 provides that "[u]nless otherwise agreed in writing or expressly provided in the judgment, the obligation to pay future statutory maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance." *See also* § 452.075, RSMo Cum Supp. 2006 (stating that "the remarriage of the former spouse shall relieve the spouse obligated to pay support from futher payment of alimony to the former spouse from the date of remarriage, without the necessity of further court action"). Kunce argues that Graham remarried and, therefore, his obligation to pay her maintenance terminated on the date of her remarriage. In challenging the court's denial of his motion to terminate, Kunce argues only that the court erred by misapplying the law.[5]

In support of his argument, Kunce relies on two cases: *Marvin v. Marvin*, 958 S.W.2d 571 (Mo. App. 1997) and *Glass v. Glass*, 546 S.W.2d 738 (Mo. App. 1977). In *Marvin*, a marriage ceremony took place in Colorado. *Marvin*, 958 S.W.2d at 572. The marriage ceremony, however, was found to be invalid under Colorado law because the pastor performing the ceremony was not authorized under Colorado law to perform the ceremony. *Id.* Even though the marriage ceremony was found to be invalid, the trial court held that the Wife remarried and, as a result, Husband's obligation to pay Wife maintenance was terminated. *Id.* On appeal, the judgment was affirmed under Rule 84.16(b). *Id.*

---

[5] In Kunce's brief, he states that "[t]he trial court's misapplication of the law amounts to an abuse of discretion that should be remedied by this court." Other than in his point relied on, Kunce failed to argue that the trial court's judgment was not supported by substantial evidence, whether it is against the weight of the evidence, or whether it erroneously declares the law. As a result, we only address whether the trial court misapplied the law.

First, we note that *Marvin* is a memorandum decision, not an opinion. Rule 84.16(b) states in pertinent part that "a case where all judges agree to affirm and further believe that an opinion would have no precedential value, disposition may be by a memorandum decision or written order." As the *Marvin* case is a memorandum decision with no precedential value, Rule 84.16(b) provides that memorandum decisions "shall not be cited or otherwise used in any case before any court." Therefore, we decline to address or consider this part of his argument.

Kunce also relies on the *Glass* case to support his argument that the court misapplied the law. In *Glass*, Wife remarried but the marriage was annulled a few days after the marriage ceremony because of fraud by her new spouse. *Glass*, 546 S.W.2d at 739. The trial court dismissed Husband's petition requesting termination of his alimony obligation. *Id.* The appellate court reversed and found that, even though Wife's remarriage had been annulled, it still constituted a remarriage. *Id.* at 742. As a result, Husband's obligation to pay Wife maintenance was terminated. *Id.*

Here, the facts of this case are distinguishable. In *Glass*, there was no factual dispute as to whether a marriage ceremony took place. The dispute was whether a remarriage that was later annulled constituted remarriage under § 452.075, RSMo 1969. Here, neither annulment nor fraud by a party was present in this case. Additionally, the main factual dispute was whether a marriage ceremony took place. The court determined that there was no marriage ceremony, even though there were some characteristics of one, because there was no marriage license and the person presiding over the ceremony had no authority to perform a marriage.

Moreover, Graham's relationship with Biddle had no alternate legal effect. While Graham's celebration had several aspects of a marriage ceremony, neither Missouri nor Vermont recognize common law marriage. § 451.040.5; *Morrill v. Palmer*, 68 Vt. 1, 7 (Vt. S. Ct. 1895).

5

As a result, without a marriage license, solemnization of the marriage by an authorized person, or common law recognition, the trial court did not misapply the law in determining that Graham did not remarry.

Therefore, under the facts of this case, the trial court did not error in denying Kunce's motion to terminate maintenance because the cases cited by Kunce to show that the trial court misapplied the law are distinguishable from the facts in the present case; most notably, there was a factual dispute here as to whether Graham had a marriage ceremony. Point one is denied.

**Substantial and Continuing Change of Circumstances**

In his second point on appeal, Kunce argues that the circuit court erred in denying his motion to modify maintenance because he proved a substantial and continuing change in circumstances and Graham failed to adduce evidence to support a continued award of $1,800 per month in maintenance. Kunce further argues that the court improperly included rental and health insurance expense when calculating Graham's reasonable expenses. We find no error.

"In an action to modify maintenance, the trial court's judgment will be upheld on appeal unless the judgment is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *Laffey v. Laffey*, 72 S.W.3d 143, 147 (Mo. App. 2002). This Court "views the evidence and all reasonable inferences drawn therefrom in the light most favorable to the judgment and disregards all evidence and inferences to the contrary." *Id.*

Section 452.370 governs the modification of maintenance. It provides that an award of maintenance "may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." § 452.370.1; *Swartz v. Johnson*, 192 S.W.3d 752 (Mo. App. 2006). "This statutory standard for modification is designed to be strict so as to

6

discourage recurrent and insubstantial motions for modification." *Laffey*, 72 S.W.3d at 147. "Changed circumstances sufficient to support modification must be proven by detailed evidence." *Lemmon v. Lemmon*, 958 S.W.2d 601, 603 (Mo. App. 1998). The party moving for modification of maintenance bears the burden of proving substantial and continuing change. *Id.*

Here, as movant, Kunce bears the burden to prove there is a substantial and continuing change in circumstances.[6] In denying his motion, the court found that Kunce failed to establish that there was a substantial and continuing change in circumstances. In reviewing the record on appeal, we find that there is substantial evidence on the record to support the court's conclusion.

In this case, both Kunce and Graham submitted a statement of income and expenses. Graham's gross monthly income was $1,961 while her monthly expenses were $2,887. However, the monthly expenses did not include a health insurance premium of $1,000 per month because Graham could not afford the monthly premiums. The court concluded that Graham's monthly shortfall was $1,926. On the other hand, Kunce's gross monthly income was $11,770. After deductions and expenses, Kunce claimed that he had a monthly shortfall of $54.

Despite Kunce's shortfall, the court questioned three of his claimed expenses. First, Kunce's monthly voluntary contribution to a retirement plan. Second, the mortgage payment of the marital residence that is now vacant. Third, monthly expenses of $1,361 to the parties' adult daughter. As a result of these expenses, it was determined that Kunce had the ability to pay maintenance.

---

[6] Graham filed a countermotion to increase maintenance. As to that motion, Graham had the burden to present evidence that there was a substantial and continuing change in circumstances. The trial court denied her motion and Graham does not challenge that denial on appeal.

Kunce's argument focuses not on his three questioned expenses but on two of Graham's expenses that the court used in calculating maintenance; specifically, the $795 monthly rental expense and the $1,000 monthly health insurance expense. We find no merit in Kunce's argument.

In Graham's statement of income and expenses, Graham listed a $795 rental expense. At the time this form was filed, Graham was paying rent in the amount of $795. Graham testified that she was unable to afford that rent and moved in with her son. She paid no rent while living with her son. Shortly before the modification hearing, Graham moved out of her son's home and began living in her car. Similarly, Graham was not paying $1,000 per month for her health insurance premiums because she could not afford it. Thus, it is true that as of the date of the modification hearing, Graham had no rental expense or health insurance premium expense.

Nevertheless, while Graham did not incur the $795 rental expense or the $1,000 health insurance premiums expense at the time of the hearing, the court may still include these expenses when calculating Graham's expenses. "In determining the amount to award for maintenance in a modification proceeding under § 452.370, the trial court may, but is not required to, consider the factors found in § 452.335, just as if the trial court was determining an original maintenance award." *Brooks v. Brooks*, 957 S.W.2d 783, 786 (Mo. App. 1997). One of the factors in § 452.335, considers "[t]he ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance." Here, the court found that Kunce has the ability to pay maintenance while still meeting his needs. Also, even though Graham does not currently pay rent or health insurance premiums, does not mean these expenses are not needed. In fact, the record clearly reflects that Graham needs both a place to live and health insurance because she is currently living out of her car and has cancer. The fact that a

8

party does not incur an expense at the time of the modification hearing does not mean the expense is not needed and cannot be included in calculating the party's expenses.[7]

Furthermore, the costs of these expenses used by the court were not random. Not only was the $795 rental expense included on Graham's statement of income and expenses, Graham testified that before moving out of the complex where she lived in June she paid $795 per month in rent. Graham also testified that under the Arkansas CHIPS program her monthly health insurance premiums would be $1,000. "In evaluating the merits of a party's claimed expenses, the trial court judges the credibility of witnesses and evaluates the merits of the expenses claimed." *Brooks*, 957 S.W.2d at 788.

Therefore, we find that the circuit court did not error in denying Kunce's motion to modify maintenance because the rental and health insurance expenses used by the court in calculating Graham's expenses were needed expenses and were supported by substantial evidence. Point two is denied.

### Attorney's Fees

In his final point on appeal, Kunce argues that the circuit court erred in entering its judgment awarding $1,500 in attorney's fees to Graham because the totality of the circumstances does not support an award of attorney's fees. We find no error.

In a domestic relations case, parties are generally responsible for paying their own attorney's fees. *Goins v. Goins*, 406 S.W.3d 886, 891 (Mo. banc 2013). "However, the trial court has the discretion to award attorney's fees pursuant to Section 452.355.1 after considering

---

[7] We also note that Kunce stopped paying maintenance to Graham in August 2012. Kunce cannot create the situation by ceasing to make his court ordered maintenance payments forcing Graham to be unable to meet her basic necessities and then benefit from that circumstance by arguing that these are not reasonable expenses because she is not currently paying them.

9

certain relevant factors, including the financial resources of both parties, the merits of the case, and the actions of the parties during the pendency of the action." *Valentine v. Valentine*, 400 S.W.3d 14, 31 (Mo. App. 2013). "The trial court has broad discretion in awarding or denying a party's request for attorney's fees, and the Court will not overturn a trial court's order absent a showing that the trial court abused its broad discretion in ordering, or in refusing to order, one party to pay the attorney's fees of the other party." *Goins*, 406 S.W.3d at 891. "The party contesting the award of fees bears the burden of showing that the trial court abused its discretion." *Id.*

Here, the facts establish that the court did not abuse its discretion in awarding Graham attorney's fees. The financial resources of both parties are drastically different. The court found that Kunce's annual income was $141,240, while Graham's monthly income was $1,961. Furthermore, the court found that Kunce was in arrears on maintenance in the amount of $34,200. Therefore, with the financial disparity between the parties and Kunce's substantial amount owed in maintenance, Kunce has failed to establish that the trial court abused its discretion in awarding Graham attorney's fees. Thus, we find no error. Point three is denied.

We conclude, therefore, that the circuit court did not error in denying Kunce's motion to terminate or modify maintenance because (1) the cases cited by Kunce to show that the trial court misapplied the law are distinguishable from the facts in the present case; most notably, there was a factual dispute here as to whether Graham had a marriage ceremony; and (2) the rental and health insurance expenses used by the court in calculating Graham's expenses were needed expenses and were supported by substantial evidence. We further conclude that the circuit court did not abuse its discretion in awarding Graham attorney's fees because of the

financial disparity between the parties and Kunce's substantial amount owed in maintenance to Graham. We affirm the circuit court's judgment.

Anthony Rex Gabbert, Judge

All concur.

11